IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTERMEC IP CORP., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 04-CV-357 (GMS) |
| MATRICS, INC., a Delaware corporation, | ) ) ) ) | |
| Defendant. | ) | |

**DEFENDANT MATRICS' REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS IN PART PURSUANT TO RULE 12(b)(6), OR IN THE ALTERNATIVE, TO SUBSTITUTE SYMBOL TECHNOLOGIES, INC. AS A PARTY DEFENDANT UNDER RULE 25(c)**

Andre G. Bouchard (#2504)
Karen L. Pascale (#2903)
BOUCHARD MARGULES & FRIEDLANDER, P.A
222 Delaware Avenue
Suite 1400
Wilmington, Delaware 19801
(302) 573-3500
*Attorneys for Matrics, Inc.*

OF COUNSEL:

Eric J. Lobenfeld
Ira J. Schaefer
Tedd W. Van Buskirk
HOGAN & HARTSON L.L.P.
875 Third Avenue
New York, New York 10022
(212) 918-3000

March 8, 2005

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................. ii

INTRODUCTION .................................................................................................................. 1

ARGUMENT .......................................................................................................................... 2

    A.    SYMBOL – NOT MATRICS – IS THE PROPER PARTY
           PURSUANT TO RULE 25(c) FOR ALLEGED
           INFRINGEMENT AFTER THE MERGER DATE ................................................ 2

        1.    Substitution of Symbol Will Not Alter
            the Substantive Rights of the Parties ........................................................ 3

        2.    Intermec's Reading of Rule 25(c) Contradicts the
            Rule's Purpose ......................................................................................... 5

        3.    Substitution of Symbol Will Not Prejudice Intermec ............................. 7

    B.    MATRICS' MOTION TO DISMISS IS PROPER .......................................... 9

CONCLUSION .................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**                                                                                              **Page**

*Banks v. Consumer Home Mortgage, Inc.*,
    No. 01-CV-8508 (ILG), 2003 WL 21251584 (E.D.N.Y. Mar. 28, 2003) ......................9

*Colonial Penn Ins. Co. v. American Centennial Ins. Co.*,
    No. 96 Civ. 6051(MBM), 1997 WL 10004 (S.D.N.Y. Jan. 10, 1997) ..........................7

*Deakyne v. Commissioners of Lewes*,
    416 F.2d 290, 300 (3d Cir. 1969)..............................................................................7, 8

*ELCA Enter., Inc. v. Sisco Equip. Rental & Sales, Inc.*,
    53 F.3d 186, 191 (8th Cir. 1995) ...............................................................................4, 5

*General Battery Corp. v. Globe-Union, Inc.*,
    100 F.R.D. 258, 262 (D. Del. 1982) ...................................................................4, 5, 6, 7

*Heit v. Tenneco, Inc.*,
    319 F. Supp. 884, 887 (D. Del. 1970).............................................................................6

*In re Delmarva Sec. Litig.*,
    794 F. Supp. 1293, 1299 (D. Del. 1992).....................................................................9, 10

*Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc.*,
    13 F.3d 69, 71 (3d Cir. 1993)......................................................................................3, 5

*Mobil Oil Corp. v. Linear Films, Inc.*,
    718 F. Supp. 260, 272-73 (D. Del. 1989) .........................................................................4

*Redding v. Freeman Prod., Inc.*,
    No. 94 C 398, 1995 WL 410922 (N.D. Ill. Jul. 10, 1995) ...............................................9

*Smith v. Litton Loan Servicing, LP, No. Civ.A.04-02846*,
    2005 WL 289927 (E.D. Pa. Feb. 4, 2005) .................................................................9, 10

**Statutes**

Del. Code Ann. Title 8, § 259..................................................................................................3, 6

Del. Code Ann. Title 8, § 261.......................................................................................................3

Fed. R. Civ. P. 25(c) ............................................................................................................ passim

## I. INTRODUCTION

The fundamental issue between the parties on Matrics, Inc.'s ("Matrics") motion is straightforward. Defendant Matrics merged with non-party Symbol Technologies, Inc. ("Symbol") on October 29, 2004 (the "Merger Date"). Matrics no longer exists. Symbol and Intermec Technologies (together with Plaintiff Intermec IP Corp., collectively "Intermec") have a written Supply Agreement (the "Supply Agreement") pursuant to which Symbol supplies certain components to Intermec. The Supply Agreement provides, inter alia, that if Intermec asserts a patent infringement claim against Symbol, Symbol has the right to terminate the Supply Agreement. In response to Matrics' motion, Intermec is trying to have its cake and eat it too. Specifically, Intermec is trying both to sue Symbol for patent infringement while asserting that it isn't so doing, in an effort to avoid giving Symbol a basis to terminate the Supply Agreement.

But whether Symbol has the right to terminate the Supply Agreement is not an issue before the Court, nor even an issue in this case. Rather, what is now before the Court is Matrics' request that Intermec either acknowledge (1) that its damage claim extends only to Matrics' conduct prior to the Merger Date or (2) that Symbol be substituted for Matrics inasmuch as Intermec is seeking prospective damages for infringing conduct by Symbol after Matrics ceased to exist.

The cases on which Intermec relies, in which substitution of parties was found to be discretionary, are inapposite. Symbol does not dispute that as successor-in-interest to Matrics, Symbol would be liable for any infringing conduct by Matrics before Matrics' demise. But Matrics does not exist and has not since the Merger Date. It is Symbol – and Symbol alone – that has made, used, sold and offered for sale the alleged infringing

1

products after the Merger Date. Intermec cannot have it both ways. If it wants damages for sales by Symbol, Symbol must be a party hereto. If Intermec is content to have its damage claims end as of the Merger Date, it should so state, and the Court should, we submit, enter an order confirming Intermec's agreement to limit its claims.

Intermec has also muddled the main issue in the motion presently before the Court by arguing that Matrics' motion to dismiss is actually an improper and untimely motion for summary judgment. But the relevant facts are not in dispute, and Intermec does not contend otherwise. Nor does Intermec identify any fact issue as to which it allegedly needs discovery. Plainly, there are none. Thus, Intermec's argument is nothing more than a smoke-and-mirrors attempt to distract the Court from the relevant issue at hand.

For these reasons, the reasons stated in Matrics' opening brief and those that follow, we respectfully request that Matrics' motion to dismiss, or in the alternative, to substitute Symbol for Matrics, be granted.

## II.   ARGUMENT

### A.   SYMBOL – NOT MATRICS – IS THE PROPER PARTY PURSUANT TO RULE 25(c) FOR ALLEGED INFRINGEMENT AFTER THE MERGER DATE

There is no dispute that any judgment against Matrics for infringing acts occurring <u>prior</u> to the Merger Date would be enforceable against Symbol under both Delaware and Federal law. What is disputed is Intermec's assertion that it can recover <u>post</u>-<u>merger</u> damages from Matrics and enforce the judgment against Symbol, without

joining or substituting Symbol as a party. (Intermec Opp. Br.,[1] D.I. 39 at 8). Intermec's interpretation of Rule 25(c) ignores that substitution pursuant to Rule 25(c) does not alter the substantive rights of the parties. Intermec also ignores that the purpose of Rule 25(c) is to procedurally facilitate a case. Finally, Intermec improperly applies an "undue prejudice" standard to this motion for substitution, although no such factor is part of the Court's consideration.[2]

### 1.   Substitution of Symbol Will Not Alter the Substantive Rights of the Parties

Rule 25(c) deals directly with transfers of interest between corporate entities. *See* Fed. R. Civ. P. 25(c). "A 'transfer of interest' in a corporate context occurs when one corporation becomes the successor to another by merger or other acquisition of the interest the original corporate party had in the lawsuit." *Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71 (3d Cir. 1993) (citations omitted). "Because joinder or substitution under Rule 25(c) does <u>not ordinarily alter the substantive rights of the parties but is merely a procedural device to facilitate the conduct of a case</u>, a Rule 25(c) decision is generally within the district court's discretion." *Id.* (emphasis added);

---

[1]   The full title of Intermec's Opposition Brief is "Plaintiff Intermec's Answering Brief In Opposition to Matrics' Motion to Dismiss Pursuant to Rule 12(b)(6), or in the Alternative, to Substitute Symbol Technologies, Inc. as a Party Defendant Under Rule 25(c)."

[2]   In addition to Fed. R. Civ. P. 25(c), Intermec cites to the Delaware General Corporation Law Sections 259 & 261 for the proposition that Intermec can obtain a judgment against Matrics for post-merger damages and enforce that judgment against Symbol as if the merger "had not taken place." (Intermec Brief, D.I. 39 at 8, citing Del. Code Ann. Title 8, §§ 259, 261). Matrics does not dispute that any judgment entered by the Court for infringement prior to October 29, 2004 is enforceable against Symbol as if the merger had not taken place. But as discussed, *infra*, whether Intermec's claim for patent infringement survives the merger of Matrics with Symbol is controlled by the federal patent laws, not the Delaware General Corporation Law. Intermec's substantive cause of action for patent infringement against Matrics vanished upon Matrics' merger into Symbol.

*see also Mobil Oil Corp. v. Linear Films, Inc.*, 718 F. Supp. 260, 272-73 (D. Del. 1989) ("Authorities reveal that joinder or substitution under Rule 25(c) does not alter the substantive rights of the parties; it is merely a procedural device designed to facilitate the conduct of litigation.").

Intermec ignores the principle that substitution pursuant to Rule 25(c) does not alter the substantive rights of the parties. Intermec cites *ELCA Enter., Inc. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 191 (8th Cir. 1995), for the proposition that "[t]he rule expressly permits parties to continue in an action, even if they do not remain the real party in interest . . . ." *Id.* The court's further analysis, which Intermec ignores, states:

> Rule 25(c) does not substantively determine what actions survive the transfer of an interest; rather, it provides substitution procedures for an action that does survive. The rule expressly permits parties to continue in an action, even if they do not remain the real party in interest, as long as the cause of action *itself* survives the transfer to the new party.

*Id.* (citations omitted) (emphasis in original). *See also General Battery Corp. v. Globe-Union, Inc.*, 100 F.R.D. 258, 262 (D. Del. 1982) ("Similarly, Rule 25(c) permits the court to continue to hear a case where a cause of action survives but the original party has transferred the interest in the litigation to another.").

Matrics does not dispute that Intermec's cause of action for Matrics' alleged patent infringement prior to the Merger Date survives the merger of Matrics with Symbol. But Intermec's cause of action for patent infringement against Matrics after the Merger Date is a legal impossibility because Matrics ceased to exist after that date. *See ELCA Enter., Inc.*, 53 F.3d at 191 (noting that Rule 25(c) permits party to remain in action as long as cause of action itself survives). If Intermec wants to maintain a cause of action

for patent infringement after the Merger Date, it can only do so against Symbol, because it is Symbol – and Symbol alone – that is engaging in the allegedly infringing acts. If Symbol is substituted as the defendant, the legal consequences of the action remain the same, and the substantive rights of the parties will be unaffected. *See Luxliner,* 13 F.3d at 71 (noting that substitution under Rule 25(c) does not alter the substantive rights of the parties). In short, if Intermec wishes to seek damages for patent infringement beyond the Merger Date, its cause of action is against Symbol, and only Symbol. *See ELCA Enter., Inc.,* 53 F.3d at 191.

### 2. Intermec's Reading of Rule 25(c) Contradicts the Rule's Purpose

Intermec's interpretation of Rule 25(c) contradicts the Rule's purpose, namely, to procedurally facilitate the conduct of a case. *See Luxliner,* 13 F.3d at 71-72. Rule 25(c) "permits the court to continue to hear a case where the action survives but the original party has transferred interest in the litigation to another. <u>Rather than require the assignee to initiate a new action</u>, the rule enables the court to continue the action with the assignee joined with or in the place of the original party." *General Battery Corp. v. Globe-Union, Inc.,* 100 F.R.D. 258, 262-63 (D. Del. 1982) (emphasis added). The *General Battery* court explained:

> A party could elude the proper jurisdiction of a federal district court by transferring its interest during the course of the litigation. A plaintiff would be out of court if a defendant corporation merely transferred its interest to a subsidiary. Similarly, a plaintiff, possibly to avoid litigation in a counterclaim, should not be able to take advantage of a defendant's transfer of interest to a subsidiary and claim that the court no longer has jurisdiction to proceed.

5

*General Battery,* 100 F.R.D. at 263.

Intermec's apparent misunderstanding of the procedural aspect of Rule 25(c) is demonstrated by its statement that, "[i]f the Court, however, is inclined to grant the motion, it should do so without prejudice so that Intermec IP may file at a later time an amended or supplemental complaint or an independent lawsuit naming Symbol as a defendant and seeking post-merger patent infringement damages." (Intermec Opp. Br., D.I. 39 at 9). Intermec's request is precisely the type of scenario that Rule 25(c) was designed to avoid. Rule 25(c) is intended to prevent parties from initiating a new lawsuit based on the same facts. *See General Battery,* 100 F.R.D. at 261. Rather than requiring Symbol to later defend itself in a separate action where every legal and factual issue would be <u>identical</u> to the present case, Rule 25(c) enables the Court to continue this action with Symbol as a party. *See id.* at 262. Not only would this be more efficient for both parties, it would promote the judicial and procedural efficiency the Rule was designed to facilitate.

Aside from the procedural aspects of a Rule 25(c) substitution, Intermec also fails to recognize that Matrics has transferred to Symbol its interest in its counterclaims seeking declaratory judgments of non-infringement and invalidity of the four patents at issue. Delaware law makes clear that "when a merger becomes effective all assets of the merged corporation, including [any] causes of action which might exist on its behalf, pass by operation of law to the surviving company." *Heit v. Tenneco, Inc.,* 319 F. Supp. 884, 887 (D. Del. 1970) (citation omitted) (interpreting Del. Code Ann. Title 8, § 259). Matrics' counterclaims of noninfringement and invalidity have passed to Symbol. *See id.*

6

Intermec cannot be allowed to seek damages for infringement after the Merger Date from Matrics, while ignoring Symbol's rights to litigate its counterclaims, which have been transferred to Symbol from Matrics. *See General Battery,* 100 F.R.D. at 263.

### 3. Substitution of Symbol Will Not Prejudice Intermec

Intermec argues that Symbol's substitution would cause it "undue prejudice" because of Symbol's alleged proposed actions relating to the Supply Agreement. (Intermec Opp. Br., D.I. 39 at 10). Intermec's arguments apply the wrong standard under Rule 25(c), and Intermec misinterprets the meaning of "undue prejudice."

First, "undue prejudice" is simply not a factor courts consider when deciding a motion for substitution under Rule 25(c). Rule 25(c) does not mention "undue prejudice" as a factor in the Court's determination. In fact, the case that Intermec cites in support of its argument concerns a motion to amend the pleadings under Rule 15, not for substitution under Rule 25(c). *See Colonial Penn Ins. Co. v. American Centennial Ins. Co.,* No. 96 Civ. 6051(MBM), 1997 WL 10004 at *9 n.5 (S.D.N.Y. Jan. 10, 1997) (Tab 1) ("Even were I to apply the standards governing amendments under [Rule] 15 . . ."). In ruling on a Rule 25(c) motion, "[t]he decision to order substitution or joinder is to be made by considering how the conduct of the lawsuit will be most facilitated." *Id.* at *9 (citation omitted).

Second, to the extent this Court wishes to consider any potential "undue prejudice" to Intermec, within the context of Rule 15 that term "means undue difficulty in prosecuting a lawsuit as a result of a change in tactics or theories on the part of the other party." *Deakyne v. Commissioners of Lewes,* 416 F.2d 290, 300 (3d Cir. 1969). Intermec asks the Court to eliminate the risk of "undue prejudice" to Intermec by requiring Symbol

7

to agree not to terminate the Supply Agreement. (Intermec Opp. Br., D.I. 39 at 10). Yet Intermec admits that the Supply Agreement is "wholly unrelated" to "this patent infringement lawsuit." (Intermec Opp. Br., D.I. 39 at 5) ("Matrics filed its motion on January 25, 2005 (D.I. 31), seeking to interject a wholly unrelated contract dispute into this patent infringement lawsuit."). Intermec has failed to show how Symbol's alleged proposed actions regarding the Supply Agreement relate in any way to this lawsuit, or to any change in tactics or theories in this litigation. *See Deakyne,* 416 F.2d at 300. No matter what course of action Symbol takes with regard to the Supply Agreement, its actions do not stand to prejudice Intermec with regards to any issue in this litigation and will not result in undue difficulty in prosecuting this lawsuit. *See id.* Discovery has just begun, documents have yet to be exchanged, and no depositions have been taken.

Indeed, if Symbol is not substituted as a party, Symbol will be the party that suffers prejudice, not Intermec. Symbol is now responsible for any damages incurred by Matrics in this case, and should be permitted to vigorously defend against Intermec's claims. Furthermore, Matrics' counterclaims of noninfringement and invalidity have transferred to Symbol, and Symbol should be allowed to prosecute these claims. Intermec's proposed interpretation of Rule 25(c), whereby claims for infringement after the Merger Date continue against Matrics without Symbol as a party, could potentially force Symbol to re-litigate the same issues in another separate action. But the facts and legal issues in the case, with Symbol joined or substituted for Matrics, will be identical. All that changes with the substitution of Symbol is the time frame for which Intermec can seek damages. Therefore, if the Court does not dismiss Intermec's Complaint to the

8

extent that Intermec seeks damages beyond the Merger Date, Symbol should be joined as a party or substituted for Matrics.

### B.  MATRICS' MOTION TO DISMISS IS PROPER

In its opposition, Intermec asserts that Matrics' motion to dismiss is really an improper and untimely motion for summary judgment because Matrics "relies" on documents and facts outside the pleadings. (Intermec Opp. Br., D.I. 39 at 6). This argument fails for a number of reasons.

It is well settled that when considering a motion to dismiss, the "Court is free to take judicial notice of certain facts that are of public record if they are provided to the Court by the party seeking to have them considered." *See In re Delmarva Sec. Litig.*, 794 F. Supp. 1293, 1299 (D. Del. 1992) (taking judicial notice of SEC filings on motion to dismiss). Furthermore, "[j]udicial notice may be taken of matters within the public record without converting a motion to dismiss into a motion for summary judgment." *See Smith v. Litton Loan Servicing, LP*, No. Civ.A.04-02846, 2005 WL 289927, at *5 (E.D. Pa. Feb. 4, 2005) (Tab 2) (citations omitted). District Courts regularly take judicial notice of documents on file with the Secretary of State. *See, e.g., Redding v. Freeman Prod., Inc.*, No. 94 C 398, 1995 WL 410922, at *2 (N.D. Ill. Jul. 10, 1995) (Tab 3) (taking judicial notice of Certificates of Good Standing on file with Secretary of State on motion to dismiss) (citations omitted); *Banks v. Consumer Home Mortgage, Inc.*, No. 01-CV-8508 (ILG), 2003 WL 21251584, at n.7 (E.D.N.Y. Mar. 28, 2003) (Tab 4) (taking judicial notice of documents on file with Secretary of State on motion to dismiss) (citations omitted).

Matrics' motion to dismiss can be decided based on the pleadings and one fact alone – that after the Merger Date, Matrics ceased to exist. The merger of Matrics with Symbol is a matter of public record, contained in a filing with the Delaware Secretary of State, and a fact that is properly the subject of judicial notice, which may be considered on a motion to dismiss. *See In re Delmarva Sec. Litig.*, 794 F. Supp. at 1299. The Court's judicial notice of this fact does not serve to convert Matrics' motion to dismiss into a motion for summary judgment. *See Smith*, 2005 WL 289927 at *5. Matrics is not attempting to introduce any new evidence.[3]

Moreover, Intermec has failed to identify any fact that is in dispute, any discovery that is necessary or any information that Intermec lacks on this issue. Thus, the issue before the Court is strictly legal and properly addressed on a motion to dismiss.

### III.  CONCLUSION

There is no justiciable controversy between Matrics and Intermec with regards to claims of infringement after the Merger Date. Instead, any claim for infringement occurring after the Merger Date must be against Symbol. As an alternative to Symbol's

---

[3]  In addition to the Certificate of Merger, Intermec contends that Matrics' motion "relies" on other facts outside the pleadings, including the transcript of the January 7, 2005 scheduling conference ("the transcript") and Matrics' proposed stipulation substituting Symbol for Matrics as the defendant in this litigation ("the proposed stipulation"). (D.I. 39 at 6). Matrics' motion does not depend on the transcript or the proposed stipulation, which were merely included to provide the Court with the context of the relationship between Intermec, Matrics and Symbol. Those items also were included to demonstrate Matrics' attempted resolution of the issue, presently before the Court, in a reasonable manner, without necessitating the current motion. If anything, those additional items demonstrate Intermec's – <u>not Matrics'</u> – attempts to improperly utilize this lawsuit to influence Symbol's actions relating to the Supply Agreement, which is entirely unrelated to the issues in this case.

substitution, as discussed above, the Court can properly grant Matrics' motion to dismiss based on the pleadings and the judicially noticeable fact that Matrics has ceased to exist.

For foregoing reasons and those set forth in Matrics' opening brief, Matrics respectfully requests that its motion be granted and that the portion of Intermec's Complaint seeking damages allegedly incurred after the Merger Date be dismissed, or in the alternative, that Symbol be substituted as the proper defendant in this action.

BOUCHARD MARGULES & FRIEDLANDER, P.A.

March 8, 2005

/s/ Karen L. Pascale
Andre G. Bouchard (I.D. No. 2504)
Karen L. Pascale (I.D. No. 2903)
222 Delaware Avenue, Suite 1400
Wilmington, Delaware 19801
(302) 573-3500
*Attorneys for Matrics, Inc.*

OF COUNSEL:

Eric J. Lobenfeld
Ira J. Schaefer
Tedd W. Van Buskirk
HOGAN & HARTSON L.L.P.
875 Third Avenue
New York, NY 10022
(212) 918-3000

11

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2005, I caused a copy of the foregoing document to be served on the following counsel of record by the method indicated:

### Via Hand Delivery

Jack B. Blumenfeld, Esq.
Rodger D. Smith, II, Esq.
MORRIS NICHOLS ARSHT & TUNNELL
1201 N. Market Street
Wilmington, DE 19801

### Via Federal Express

Frederick A. Lorig, Esq.
Bruce R. Zisser, Esq.
BRIGHT & LORIG, P.C.
633 West Fifth Street
Suite 3330
Los Angeles, CA 90071

Karen L. Pascale (#2903)