**TAB 3**

Westlaw.

Not Reported in F.Supp.
1995 WL 410922 (N.D.Ill.)
(Cite as: 1995 WL 410922 (N.D.Ill.))

Page 1

C

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, N.D. Illinois, Eastern Division.
Mary Lennel REDDING, f/k/a Mary Lennel Simmons, Plaintiff,
v.
FREEMAN PRODUCTS, INC. and Avnet, Inc., Defendants.
No. 94 C 398.

July 10, 1995.

*MEMORANDUM OPINION*

GRADY, District Judge.

*1 Mary Lennel Redding sues Freeman Products, Inc. and Avnet, Inc. for employment discrimination under Title VII, 42 U.S.C. § § 2000e to 2000e-17 and under 42 U.S.C. § 1981. Defendant Avnet has moved to dismiss for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6). For the reasons explained, the motion is denied.

*BACKGROUND*

Mary Lennel Redding, a black woman, filed an employment discrimination suit against Freeman Products, Inc. ("Freeman") and Avnet, Inc. ("Avnet"). Her complaint alleges that Freeman and Avnet were her employers, that she worked for them as an inside salesperson, and that she was the only black person in that position.

Redding became pregnant and left her job on December 13, 1991 to give birth. She returned on March 23, 1992. Although she received no compensation during her leave, Redding says that the defendants had a policy under which salaried employees, such as herself, were compensated during time off for sickness and disability, including maternity leave. She alleges that the defendants compensated similarly situated employees who were not black: the defendants paid Nancy Bloomdahl, a white woman, during her pregnancy-related absence, and Eric Bower, a white man, during his disability-related absence.

Redding further alleges that the defendants discriminated against her because of her race by failing to give her written performance evaluations, although they gave such evaluations to non-black employees. The defendants delayed the effective dates of her pay raises, although raises for non-blacks were put into effect shortly after they were issued. Moreover, the defendants' manager, Jeffrey Bloomdahl, made harassing and derogatory comments about blacks, including Redding, in her presence. Once he referred to the part of the city in which Redding lives as a ghetto. On several occasions he spoke to Redding in an offensive and derogatory way, saying that she "comes into work with f--- ing PMS," and that she has a "f---ing attitude" toward coworkers. Non-black employees were not subjected to the same derogatory treatment.

Redding filed a three-count complaint, alleging that these facts constitute race discrimination, race harassment, and sex discrimination. Redding's initial complaint named Freeman Products, Inc. and Avnet Computer, Inc. as defendants. Freeman Products answered the complaint on March 4, 1994, and stated that to its knowledge, there was no such entity as "Avnet Computer, Inc." On September 14, 1994, the plaintiff sought leave to file an amended complaint substituting as a defendant Avnet, Inc. for the nonexistent Avnet Computer, Inc. This court granted leave, and Redding amended her complaint.

Avnet has now moved to dismiss the amended complaint, arguing that (1) Redding's allegations that she was employed by "defendants" who engaged in discriminatory conduct fail to give Avnet notice of the claims against it; (2) Redding's allegations fall short of stating a Title VII claim; and (3) Redding cannot state a Title VII claim against Avnet because she did not name Avnet in her EEOC charge.

*DISCUSSION*

*2 In deciding a motion to dismiss, the court must assume the truth of all facts alleged in the complaint, construing the allegations liberally and viewing them in the light most favorable to the plaintiff. *Wilson v. Formigoni,* 42 F.3d 1060, 1062 (7th Cir.1994); *McMath v. City of Gary,* 976 F.2d 1026, 1031 (7th

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Cir.1992). Dismissal is properly granted " 'if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *Cushing v. City of Chicago*, 3 F.3d 1156, 1159 (7th Cir.1993) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

Before proceeding to the merits, a preliminary word about procedure is in order. Avnet moves to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. When deciding such a motion, the court looks only to the allegations contained in the complaint, taking them as true and drawing all reasonable inferences in favor of the plaintiff. *McMath v. City of Gary*, 976 F.2d 1026, 1031 (7th Cir.1992). Along with its motion, Avnet submitted several documents, all of which may be considered by the court on a 12(b)(6) motion to dismiss. To show that Avnet and Freeman are separate entities and that Avnet is the parent company of Freeman, Avnet submitted Certificates of Good Standing for both corporations issued by the Illinois Secretary of State, and Avnet's most recent Form 10-K filed with the SEC. A court may take judicial notice of matters of public record in ruling on a 12(b)(6) motion to dismiss. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir.1994); *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir.1991); *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773-74 (2d Cir.1991) (holding that judicial notice may be taken of materials filed with SEC). Avnet also submitted Redding's EEOC charge and her right-to-sue letter and notice, to which Redding referred in paragraph 4 of her complaint. A court may consider documents that a defendant attaches to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to her claim. *Venture Assocs. Corp. v. Zenith Data Sys.*, 987 F.2d 429, 431 (7th Cir.1993).

However, the plaintiff's response to the motion and the defendant's reply both attach many documents that cannot be considered on a 12(b)(6) motion to dismiss. Rule 12(b) provides:
> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

The court will disregard the documents attached to the response and to the reply memoranda. The documents appear to raise issues of the corporate separateness of Avnet and Freeman that would require a full-blown summary judgment motion and the accompanying statements provided for in Local General Rules 12(M) and 12(N). The court will treat the pending motion as a 12(b)(6) motion to dismiss.

I. *The Complaint's Failure to Distinguish Between Defendants*

*3 Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This rule ensures that the defendant receives fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 113 S.Ct. 1160, 1163 (1993); *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Bob Willow Motors, Inc. v. General Motors Corp.*, 872 F.2d 788, 791 (7th Cir.1989).

Redding's complaint fails to distinguish between Freeman and Avnet; it lumps them together as "defendants." For example, Redding alleges that she was "hired by Defendants sometime in April of 1988" and "is presently employed by Defendants as an Inside Salesperson" ¶ 7; that "Defendants had a policy under which salaried employees were compensated" for various disabilities, ¶¶ 18-21; and that "Defendants paid compensation to a former employee ... during her pregnancy related absence." ¶ 25.

Avnet faults Redding's complaint for failing to notify it of Redding's claims against it. Its argument boils down to this: Avnet and Freeman are separate corporations (Avnet is Freeman's parent) and they are entitled to have their liabilities determined separately. Because Freeman Products has already admitted that it is Redding's employer, Answer ¶ 7, Avnet questions how it, as Freeman's parent, can also be liable for any discrimination or harassment. Avnet criticizes the complaint for failing to specify the basis for its alleged liability.

It is possible to hold a parent corporation liable under Title VII for discriminatory acts of its subsidiary under the "single employer" or "integrated enterprise" theory, that is, "when the parent exercises such extensive control over the subsidiary's operations and personnel decisions that, in effect, the two corporations are one." *Rogers v. Sugar Tree Prods.*, 7 F.3d 577, 582 (7th Cir.1993); [FN1] *Bruce v. S & H Riggers & Erectors, Inc.*, 732 F.Supp. 1172, 1174-76 (N.D.Ga.1990) (describing development of single

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
1995 WL 410922 (N.D.Ill.)
(Cite as: 1995 WL 410922 (N.D.Ill.))

Page 3

employer theory); *Watson v. MCI Communications Corp.,* No. 94 C 3082, 1995 WL 124095, at *1 (N.D.Ill. March 21, 1995).

A district court should not dismiss a complaint if the plaintiff could prevail "under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). If we ask whether any set of facts could entitle Redding to relief from Avnet, the answer is yes: if Avnet exercises such extensive control over Freeman that the two corporations are in effect one. *See Watson,* 1995 WL 124095 at *2 (denying parent corporation's motion to dismiss complaint alleging Title VII violation by subsidiary). Redding's complaint does not outline the single employer theory, but complaints need not state legal theories. *Luckett v. Rent-A-Center, Inc.,* 53 F.3d 871, 873 (7th Cir.1995). As the Seventh Circuit has explained,

> *4 A complaint under Rule 8 limns the claim; details of both fact and law come later, in other documents. Instead of asking whether the complaint points to the appropriate statute, a court should ask whether relief is possible under any set of facts that could be established consistent with the allegations. A drafter who lacks a legal theory is likely to bungle the complaint (and the trial); you need a theory to decide which facts to allege and prove. But the complaint need not identify a legal theory, and specifying an incorrect theory is not fatal.

*Bartholet v. Reishauer A.G.,* 953 F.2d 1073, 1078 (7th Cir.1992) (citations omitted).

Redding's complaint notifies Avnet of the basis of her claim: that Avnet, as her employer, unlawfully discriminated against her on the basis of her race and sex. Rule 8 requires no more of a complaint. The details of law and fact come later.

II. *Failure to State a Claim of Discrimination*

Avnet next argues that Redding's allegations of discrimination are "too vague and conclusory" to state a claim against it. Avnet points out that Redding's complaint fails to allege specifically that her race was the reason Avnet did not compensate her for her time off due to pregnancy. However, Redding's complaint alleges that "Defendants failed to compensate Plaintiff during her temporary disability resulting from child birth in violation of the law and Title VII," Complaint ¶ 22, and that "Defendants compensated similarly situated non-black employees for time off due to disability or sickness, including time off due to pregnancy related disability." Complaint ¶ 24.

These allegations appear in the complaint under the heading "Race Discrimination" and can reasonably be read to say that Redding's race was the reason that the defendants did not compensate her during her maternity leave. Recently, our Court of Appeals expressed "serious doubts" about the propriety of a district court's dismissal of a complaint which charged the plaintiff's employer with unspecified "discrimination" and attached an EEOC right-to-sue letter. *Luckett v. Rent-A-Center, Inc.,* 53 F.3d 871, 873 (7th Cir.1995).

Avnet next faults Redding for failing to allege that the defendants failed to compensate other black female employees during their maternity leaves, "leav [ing] open the possibility that the non-payment to Redding was an isolated event that was not prompted by any form of racial animus or discriminatory intent." Memorandum of Avnet, Inc. in Support of Motion to Dismiss at 9. Avnet appears to argue that Redding cannot recover unless she alleges that Avnet discriminated against other pregnant black women, not just her. This is simply not the law.

Avnet further argues that the complaint is "too conclusory" and "vague and general" regarding certain facts, e.g., plaintiff's assertion that white female employees were compensated during their maternity leaves, whether the white woman and the white man who received compensation during their disability leaves were employees of Freeman or Avnet or both, where the funds used to pay them came from, and the precise content of harassing and derogatory comments made by defendants' manager. But a plaintiff does not have to plead all the relevant facts in a complaint, *Hrubec v. National R.R. Passenger Corp.,* 981 F.2d 962, 963 (7th Cir.1992), and although a plaintiff may plead herself out of court by including certain facts, *Bartholet,* 953 F.2d at 1078, this did not happen here. None of the facts that Redding includes vitiates her discrimination claims against Freeman and Avnet. As to Avnet's criticism of the complaint as being "too conclusory," the Seventh Circuit has said:

> *5 The Federal Rules of Civil Procedure establish a system of notice pleading rather than of fact pleading, so the happenstance that a complaint is "conclusory," whatever exactly that overused lawyers' cliche means, does not automatically condemn it. All the complaint need do to withstand a motion to dismiss for failure to state a claim is "outline or adumbrate" a violation of the statute or constitutional provision upon which the plaintiff relies, and connect the violation to the named defendants.

*Brownlee v. Conine,* 957 F.2d 353, 354 (7th Cir.1992)

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
1995 WL 410922 (N.D.Ill.)
(Cite as: 1995 WL 410922 (N.D.Ill.))

Page 4

(citations omitted); *see also* Forms 3-18, Appendix of Forms; Fed.R.Civ.P. 84 ("The forms contained in the Appendix of Forms are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate."). As discussed above, Redding's complaint outlines violations of Title VII and 42 U.S.C. § 1981 and connects the violations to Avnet by alleging that it is her employer.

III. *Failure to Name Avnet in EEOC Charge*

Avnet argues that Redding's Title VII claim against it should be dismissed because Redding failed to name Avnet in her EEOC charge. Ordinarily, a party not named in an EEOC charge is not subject to suit under Title VII. 42 U.S.C. § 2000e-5(f)(1); *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir.1989). Naming the party as a respondent in an EEOC charge prior to bringing a Title VII suit serves two purposes: (1) to notify the charged party of the alleged violation; and (2) to afford that party an opportunity to participate in conciliation and to comply voluntarily with Title VII. *See Schnellbaecher*, 887 F.2d at 126; *Eggleston*, 657 F.2d at 905; *Allen v. City of Chicago*, 828 F.Supp. 543, 556 (N.D.Ill.1993). This requirement is not jurisdictional, but rather is in the nature of a condition precedent with which a litigant must comply, subject to equitable modifications. *Perkins v. Silverstein*, 939 F.2d 463, 470 (7th Cir.1991); *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 864 (7th Cir.1985).

An exception to the general rule exists where an unnamed party has been provided with adequate notice of the charge and an opportunity to participate in conciliation proceedings aimed at voluntary compliance. *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir.1981), *cert. denied*, 455 U.S. 1017 (1982). "The purpose behind this exception is to prevent frustration of the goals of Title VII by not requiring procedural exactness in stating the charges.... [G]iven the Act's remedial purposes, charges are to be construed with 'utmost liberality' and parties sufficiently named or alluded to in the factual statement are to be joined." *Eggleston*, 657 F.2d at 906 (citations omitted). Additionally, a court may consider whether strictly holding a plaintiff to the pleading requirements could deprive her of redress of any legitimate grievances. *Eggleston*, 657 F.2d at 907 citing *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir.1977); *Stephenson v. CNA Financial Corp.*, 775 F.Supp. 238, 239 (N.D.Ill.1991); *Allen*, 828 F.Supp. at 557.

*6 Avnet is correct that its name does not appear anywhere in the EEOC charge. However, Redding's memorandum in response to the motion to dismiss represents that Avnet responded to her EEOC charge against Freeman. If this is true, it might be the case that Avnet had adequate notice of the charges under circumstances where it had the opportunity to participate in conciliation proceedings. *Eggleston*, 657 F.2d at 905. Therefore, Redding should amend her complaint to allege Avnet's participation in the EEOC proceedings.

*CONCLUSION*

For the reasons explained, defendant Avnet's motion to dismiss is denied. Plaintiff has until July 28, 1995, to file a second amended complaint alleging Avnet's participation in the EEOC proceedings.

> FN1. Although *Sugar Tree* was a case under the Age Discrimination in Employment Act, its single employer theory was derived from Title VII cases and is equally applicable to those cases.

1995 WL 410922 (N.D.Ill.)

**Motions, Pleadings and Filings (Back to top)**

. 1:94CV00398 (Docket)
(Jan. 24, 1994)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.