AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

# Issued by the
# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

INTERMEC IP CORP., Plaintiff,

**SUBPOENA IN A CIVIL CASE**

V.

CASE NUMBER: [1] 04-357-GMS

MATRICS, INC., Defendant.

TO: International Business Machines Corporation (IBM)
c/o Richard W. Erwine, Esquire
Morgan & Finnegan, L.L.P.
3 World Financial Center
New York, NY 10281-2101

PENDING IN THE UNITED STATES
DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached "Schedule A"

| PLACE | DATE AND TIME |
|---|---|
| Bouchard Margules & Friedlander, P.A., 222 Delaware Ave., Suite 1400, Wilmington,, DE 19801 | April 18, 2005<br>3:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Karen L. Pascale       Attorney for Defendant | March 28, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Karen L. Pascale, Esquire, Bouchard Margules & Friedlander, P.A., 222 Delaware Avenue, Suite 1400, Wilmington DE 19801, (302) 573-3500

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| | |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## **SCHEDULE A**

## **DEFINITIONS**

1.  The Definitions, Rules, and Instructions set forth in Rule 34(a), Fed. R. Civ. P., are incorporated herein by reference.

2.  "IBM" means International Business Machines Corporation, its parents, subsidiaries, divisions, branches, affiliates, predecessors or successors in business of either of these companies, and wholly owned or partially owned entities acting or purporting to act for or on behalf of the foregoing or who are subject to the direction or control of the foregoing, including, but not limited to, employees, officers, directors, attorneys, investigators, and consultants of any of the foregoing.

3.  The "'632 Patent" means U.S. Patent Nos. 5,912,632, all patent applications leading thereto, and any United States or foreign patent or patent application directed to the invention of that patent, including, but not limited to, any patent or patent application claiming priority therefrom.

4.  The "'222 Patent" means U.S. Patent Nos. 5,528,222, all patent applications leading thereto, and any United States or foreign patent or patent application directed to the invention of that patent, including, but not limited to, any patent or patent application claiming priority therefrom.

5.  The "'019 Patent" means U.S. Patent Nos. 5,995,019, all patent applications leading thereto, and any United States or foreign patent or patent application directed to the invention of that patent, including, but not limited to U.S. Patent No. 5,777,561 and any patent or patent application claiming priority therefrom.

6. The term "prior art" shall have the same meaning as "prior art" used in 35 U.S.C. § 103, and shall include all of the events set forth in 35 U.S.C. § 102, including, without limitation, prior knowledge, prior publication, prior patenting, prior invention, public use, offer for sale and sale.

## REQUESTS FOR PRODUCTION

DOCUMENT REQUEST NO. 1.

Documents and things sufficient to show the conception and reduction to practice of the subject matter claimed in the '632 Patent.

DOCUMENT REQUEST NO. 2.

Documents and things sufficient to show the conception and reduction to practice of the subject matter claimed in the '222 Patent.

DOCUMENT REQUEST NO. 3.

Documents and things sufficient to show the conception and reduction to practice of the subject matter claimed in the '019 Patent.

DOCUMENT REQUEST NO. 4.

All documents and things concerning the ownership of any right, title or interest in the '632 Patent, including, but not limited to, any assignments, transfers, licenses or security agreements and any and all exhibits, amendments, or appendices thereto.

DOCUMENT REQUEST NO. 5.

All documents and things concerning the ownership of any right, title or interest in the '222 Patent, including, but not limited to, any assignments, transfers, licenses or security agreements and any and all exhibits, amendments, or appendices thereto.

DOCUMENT REQUEST NO. 6.

All documents and things concerning the ownership of any right, title or interest in the '019 Patent, including, but not limited to, any assignments, transfers, licenses or security agreements and any and all exhibits, amendments, or appendices thereto.

DOCUMENT REQUEST NO. 7.

All documents and things concerning the preparation and/or prosecution of the application or applications leading to the '632 Patent including, but not limited to, prior art searches and the documents and things referred to therein, the complete prosecution file for such application (including its attorneys' file), disclosures of the subject matter of the patent involved, documents that provided the basis for or any part of the content of any such application, communications between the inventors and any of their patent attorneys or agents, documents concerning any communication with a representative of the United States Patent and Trademark Office in connection with the prosecution of any such application, and patents, publications, or other documents and things, whether or not considered to be prior art, cited to, by or otherwise identified in any such patent and application that are not publicly available.

DOCUMENT REQUEST NO. 8.

All documents and things concerning the preparation and/or prosecution of the application or applications leading to the '222 Patent including, but not limited to, prior art searches and the documents and things referred to therein, the complete prosecution file for such application (including its attorneys' file), disclosures of the subject matter of the patent involved, documents that provided the basis for or any part of the content of any such application, communications between the inventors and any of their patent attorneys or agents, documents concerning any communication with a representative of the United States Patent and Trademark Office in connection with the prosecution of any such application, and patents, publications, or other documents and things, whether or not considered to be prior art, cited to, by or otherwise identified in any such patent and application that are not publicly available.

DOCUMENT REQUEST NO. 9.

All documents and things concerning the preparation and/or prosecution of the application or applications leading to the '019 Patent including, but not limited to, prior art searches and the documents and things referred to therein, the complete prosecution file for such application (including its attorneys' file), disclosures of the subject matter of the patent involved, documents that provided the basis for or any part of the content of any such application, communications between the inventors and any of their patent attorneys or agents, documents concerning any communication with a representative of the United States Patent and Trademark Office in connection with the prosecution of any such application, and patents, publications, or other documents and things, whether or not considered to be prior art, cited to, by or otherwise identified in any such patent and application that are not publicly available.

DOCUMENT REQUEST NO. 10.

All non-privileged documents and things concerning IBM Attorney Docket No. YO996-196.

DOCUMENT REQUEST NO. 11.

All non-privileged documents and things concerning IBM Attorney Docket No. YO994-180.

DOCUMENT REQUEST NO. 12.

All non-privileged documents and things concerning IBM Attorney Docket Nos. YO996-178 or YO996-178A.

DOCUMENT REQUEST NO. 13.

All documents and things concerning any prior art to the '632 Patent.

DOCUMENT REQUEST NO. 14.

All documents and things concerning any prior art to the '222 Patent.

DOCUMENT REQUEST NO. 15.

All documents and things concerning any prior art to the '019 Patent.

DOCUMENT REQUEST NO. 16.

All documents and things concerning the first use, first offer to sell, and/or first sale by IBM prior to January 8, 1997 of any product, prototype, or developmental version of a product which when used, incorporates or performs the subject matter claimed in the '632 Patent.

DOCUMENT REQUEST NO. 17.

All documents and things concerning the first use, first offer to sell, and/or first sale by IBM prior to September 9, 1994 of any product, prototype, or developmental version of a product which when used, incorporates or performs the subject matter claimed in the '222 Patent.

DOCUMENT REQUEST NO. 18.

All documents and things concerning the first use, first offer to sell, and/or first sale by IBM prior to September 30, 1996 of any product, prototype, or developmental version of a product which when used, incorporates or performs the subject matter claimed in the '019 Patent.