IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERMEC IP CORP., a Delaware corporation, <br><br> Plaintiff-Counter Defendant, <br><br><br> SYMBOL TECHNOLOGIES, INC., a Delaware corporation, <br><br> Defendant-Counterclaimant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 04-CV-357 (GMS) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## AMENDED ANSWER AND COUNTERCLAIMS
## OF DEFENDANT SYMBOL TECHNOLOGIES, INC.

Defendant-Counterclaimant Symbol Technologies, Inc. ("Symbol"), as and for its Answer and Counterclaims to the Complaint of Intermec IP Corp. ("Intermec") alleges as follows:

### JURISDICTION AND VENUE

1.     Admits the allegations contained in paragraph 1 of the Complaint.

2.     Admits the allegations contained in paragraph 2 of the Complaint.

### THE PARTIES

3.     Admits, on information and belief, the allegations contained in paragraph 3 of the Complaint.

4.     Admits that Matrics, Inc. was incorporated under the laws of the State of Delaware, and had its principal place of business at 7361 Calhoun Place, Suite 250, Rockville, MD 20855 and avers that effective October 29, 2004 Matrics, Inc. ceased to

exist and merged in its entirety into Symbol. Symbol is incorporated under the laws of the State of Delaware, and has its principal place of business at One Symbol Plaza, Holtsville, NY 11742.

## ASSERTED PATENTS

5.      Admits the allegations contained in paragraph 5 of the Complaint, except denies having knowledge or information sufficient to form a belief as to the truth of the allegation that Intermec owns all right and title to U.S. Patent No. 5,912,632 (the "'632 Patent").

6.      Admits the allegations contained in paragraph 6 of the Complaint, except denies having knowledge or information sufficient to form a belief as to the truth of the allegation that Intermec owns all right and title to U.S. Patent No. 5,528,222 (the "'222 Patent").

7.      Admits the allegations contained in paragraph 7 of the Complaint, except denies having knowledge or information sufficient to form a belief as to the truth of the allegation that Intermec owns all right and title to U.S. Patent No. 5,995,019 (the "'019 Patent").

8.      Admits the allegations contained in paragraph 8 of the Complaint, except denies having knowledge or information sufficient to form a belief as to the truth of the allegation that Intermec owns all right and title to U.S. Patent No. 6,371,375 (the "'375 Patent").

9.      Denies the allegations contained in paragraph 9 of the Complaint, and avers that the allegations concerning RFID technology contain general statements

2

regarding the technology covered by the '632, '222, '019, and '375 Patents that are incomplete and inaccurate.

10.     Denies the allegations contained in paragraph 10 of the Complaint, and avers that the allegations concerning RFID technology contain general statements regarding the technology covered by the '632, '222, '019, and '375 Patents that are incomplete and inaccurate.

## FIRST CLAIM FOR RELIEF
### (INFRINGEMENT OF THE '632 PATENT)

11.     In response to paragraph 11 of the Complaint, repeats and re-alleges its responses to paragraphs 1 – 10 as if fully set forth herein.

12.     Admits the allegations contained in paragraph 12 of the Complaint.

13.     Denies the allegations contained in paragraph 13 of the Complaint.

14.     Denies the allegations contained in paragraph 14 of the Complaint.

15.     Denies the allegations contained in paragraph 15 of the Complaint.

16.     Denies the allegations contained in paragraph 16 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (INFRINGEMENT OF THE '222 PATENT)

17.     In response to paragraph 17 of the Complaint, repeats and re-alleges its responses to paragraphs 1 – 10 as if fully set forth herein.

18.     Admits the allegations contained in paragraph 18 of the Complaint.

19.     Denies the allegations contained in paragraph 19 of the Complaint.

20.     Denies the allegations contained in paragraph 20 of the Complaint.

21.     Denies the allegations contained in paragraph 21 of the Complaint.

22.     Denies the allegations contained in paragraph 22 of the Complaint.

## THIRD CLAIM FOR RELIEF
### (INFRINGEMENT OF THE '019 PATENT)

23.    In response to paragraph 23 of the Complaint, repeats and re-alleges its responses to paragraphs 1 – 10 as if fully set forth herein.

24.    Admits the allegations contained in paragraph 24 of the Complaint.

25.    Denies the allegations contained in paragraph 25 of the Complaint.

26.    Denies the allegations contained in paragraph 26 of the Complaint.

27.    Denies the allegations contained in paragraph 27 of the Complaint.

28.    Denies the allegations contained in paragraph 28 of the Complaint.

## FOURTH CLAIM FOR RELIEF
### (INFRINGEMENT OF THE '375 PATENT)

29.    In response to paragraph 29 of the Complaint, repeats and re-alleges its responses to paragraphs 1 – 10 as if fully set forth herein.

30.    Admits the allegations contained in paragraph 30 of the Complaint.

31.    Denies the allegations contained in paragraph 31 of the Complaint.

32.    Denies the allegations contained in paragraph 32 of the Complaint.

33.    Denies the allegations contained in paragraph 33 of the Complaint.

34.    Denies the allegations contained in paragraph 34 of the Complaint.

35.    Denies each and every other allegation in the Complaint not heretofore expressly admitted.

## FIRST AFFIRMATIVE DEFENSE

### (Invalidity)

36.     On information and belief, the '632 Patent is invalid for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, §§ 101 et seq.

37.     On information and belief, the '222 Patent is invalid for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, §§ 101 et seq.

38.     On information and belief, the '019 Patent is invalid for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, §§ 101 et seq.

39.     On information and belief, the '375 Patent is invalid for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, §§ 101 et seq.

## SECOND AFFIRMATIVE DEFENSE

### (Noninfringement)

40.     Symbol has not infringed, contributed to infringement by others or induced others to infringe, and does not infringe, contribute to infringement by others or induce others to infringe any claim of the '632 Patent.

41.     Symbol has not infringed, contributed to infringement by others or induced others to infringe, and does not infringe, contribute to infringement by others or induce others to infringe any claim of the '222 Patent.

42.    Symbol has not infringed, contributed to infringement by others or induced others to infringe, and does not infringe, contribute to infringement by others or induce others to infringe any claim of the '019 Patent.

43.    Symbol has not infringed, contributed to infringement by others or induced others to infringe, and does not infringe, contribute to infringement by others or induce others to infringe any claim of the '375 Patent.

### THIRD AFFIRMATIVE DEFENSE

#### (Failure to Mark or Give Notice)

44.    Plaintiff's claims are limited pursuant to 35 U.S.C. § 287.

### COUNTERCLAIMS AGAINST INTERMEC

Defendant-Counterclaimant Symbol, by its undersigned attorneys, as and for its Counterclaims against Plaintiff-Counterclaim Defendant Intermec, states as follows:

### JURISDICTION AND VENUE

45.    This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 et. seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

46.    This Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338 (a) and 2201(a).

47.    On information and belief based upon the assertions contained in paragraph 3 of the Complaint, this Court has personal jurisdiction over Intermec as a Delaware corporation that has already submitted itself to this Court's jurisdiction.

48.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 28 U.S.C. § 1400(b).

## PARTIES

49.     Defendant and Counterclaimant, Symbol, is incorporated under the laws of the State of Delaware, and has its principal place of business at One Symbol Plaza, Holtsville, NY 11742.    Symbol delivers enterprise mobility solutions that enable anywhere, anytime data and voice communication designed to increase productivity, reduce costs and realize competitive advantage.  Symbol systems and services integrate rugged mobile computing, advanced data capture and wireless networking for the world's leading retailers, transportation and logistics companies and manufacturers as well as government agencies and providers of healthcare, hospitality and security.

50.     On information and belief based on the assertions contained in paragraph 3 of the Complaint, Intermec is incorporated under the laws of the State of Delaware, and has its principal place of business at 6001 36th Ave. West, Everett, WA 98203.

## EXISTENCE OF A JUSTICIABLE CONTROVERSY

51.     U.S. Patent No. 5,912,632 (the "'632 Patent") entitled "Single Chip RF Tag Oscillator Circuit Synchronized By Base Station Modulation Frequency" appears, on its face, to have been issued on June 15, 1999.

52.     U.S. Patent No. 5,528,222 (the "'222 Patent") entitled "Radio Frequency Circuit And Memory In Thin Flexible Package" appears, on its face, to have been issued on June 18, 1996.

53.     U.S. Patent No. 5,995,019 (the "'019 Patent") entitled "Method For Communicating With RF Transponders" appears, on its face, to have been issued on November 30, 1999.

54.     U.S. Patent No. 6,371,375 (the "'375 Patent") entitled "Method And Apparatus For Associating Data With A Wireless Memory Device" appears, on its face, to have been issued on April 16, 2002.

55.     Intermec claims to be the present owner of all rights and title to the '632, '222, '019, and '375 Patents.

56.     Intermec has brought a lawsuit against Symbol in this judicial district alleging infringement of the '632, '222, '019 and '375 Patents.

57.     There exists a justiciable controversy between Symbol and Intermec concerning the validity, enforceability and/or infringement of the '632, '222, '019 and '375 Patents as set forth in the Complaint and Symbol's Answer thereto set forth herein.

## FIRST CLAIM FOR RELIEF AGAINST INTERMEC

### (Declaratory Judgment of Invalidity of the
### '632 Patent, the '222 Patent, the '019 Patent or the '375 Patent)

58.     Symbol repeats and re-alleges the allegations contained in paragraphs 45 through 57 of its Counterclaims against Intermec as if fully set forth herein.

59.     Symbol is entitled to a declaratory judgment that the claims of the '632 Patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, §§ 101 et seq.

60.     Symbol is entitled to a declaratory judgment that the claims of the '222 Patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, §§ 101 et seq.

61.     Symbol is entitled to a declaratory judgment that the claims of the '019 Patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, §§ 101 et seq.

62.    Symbol is entitled to a declaratory judgment that the claims of the '375 Patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, §§ 101 et seq.

## SECOND CLAIM FOR RELIEF AGAINST INTERMEC

### (Declaratory Judgment of Noninfringement of the '632 Patent, the '222 Patent, the '019 Patent or the '375 Patent)

63.    Symbol repeats and re-alleges the allegations contained in paragraphs 45 through 57 of its Counterclaims against Intermec as if fully set forth herein.

64.    Symbol is entitled to a declaratory judgment that it has not infringed, contributed to infringement by others or induced others to infringe, and does not infringe, contribute to infringement by others or induce others to infringe any claim of the '632 Patent.

65.    Symbol is entitled to a declaratory judgment that it has not infringed, contributed to infringement by others or induced others to infringe, and does not infringe, contribute to infringement by others or induce others to infringe any claim of the '222 Patent.

66.    Symbol is entitled to a declaratory judgment that it has not infringed, contributed to infringement by others or induced others to infringe, and does not infringe, contribute to infringement by others or induce others to infringe any claim of the '019 Patent.

67.    Symbol is entitled to a declaratory judgment that it has not infringed, contributed to infringement by others or induced others to infringe, and does not infringe, contribute to infringement by others or induce others to infringe any claim of the '375 Patent.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant-Counterclaimant Symbol requests this Court:

A.     Enter judgment dismissing with prejudice Intermec's Complaint for Patent Infringement pursuant to 35 U.S.C. § 271 <u>et seq.</u>;

B.     Enter judgment declaring that the '632 Patent is invalid and that Intermec is barred from asserting the '632 Patent against Symbol;

C.     Enter judgment declaring that the '222 Patent is invalid and that Intermec is barred from asserting the '222 Patent against Symbol;

D.     Enter judgment declaring that the '019 Patent is invalid and that Intermec is barred from asserting the '019 Patent against Symbol;

E.     Enter judgment declaring that the '375 Patent is invalid and that Intermec is barred from asserting the '375 Patent against Symbol;

F.     Enter judgment declaring that Symbol has not infringed, contributed to the infringement of, or induced others to infringe any claim of the '632 Patent;

G.     Enter judgment declaring that Symbol has not infringed, contributed to the infringement of, or induced others to infringe any claim of the '222 Patent;

H.     Enter judgment declaring that Symbol has not infringed, contributed to the infringement of, or induced others to infringe any claim of the '019 Patent;

I.      Enter judgment declaring that Symbol has not infringed, contributed to the
        infringement of, or induced others to infringe any claim of the '375
        Patent;

J.      Order Intermec to pay Symbol's costs, expenses and reasonable
        attorneys' fees pursuant to 35 U.S.C. § 285; and

K.      Such other or further relief as this Court may deem just and proper.


                                    BOUCHARD MARGULES & FRIEDLANDER, P.A.


                                     /s/ Karen L. Pascale
                                    Andre G. Bouchard (I.D. No. 2504)
                                    Karen L. Pascale (I.D. No. 2903)
                                       [kpascale@bmf-law.com]
                                    222 Delaware Avenue, Suite 1400
                                    Wilmington, Delaware 19801
                                    (302) 573-3500

                                    *Attorneys for Defendant-Counterclaimant
                                    Symbol Technologies, Inc.*

OF COUNSEL:

Eric J. Lobenfeld
Ira J. Schaefer
Tedd W. Van Buskirk
Hogan & Hartson L.L.P.
875 Third Avenue
New York, New York 10022
(212) 918-3000


April 6, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2005, I caused to be electronically filed a true and correct copy of the notice of the foregoing *Amended Answer and Counterclaims of Defendant Symbol Technologies, Inc.* with the Clerk of Court using CM/ECF which will send notification of such filing to the following counsel of record:

> Jack B. Blumenfeld, Esquire
> MORRIS NICHOLS ARSHT & TUNNELL
> 1201 N. Market Street
> Wilmington, DE 19801
> [jblumenfeld@mnat.com]

I further certify that on April 6, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel, and that a copy was served on the following non-registered participants on the same date in the manner indicated:

> ### *By E-mail*
>
> Frederick A. Lorig, Esquire
> BRIGHT & LORIG, P.C.
> 633 West Fifth Street
> Suite 3330
> Los Angeles, CA 90071
> [florig@brightlorig.com]

> _/s/ Karen L. Pascale_
> BOUCHARD MARGULES & FRIEDLANDER, P.A.
> Andre G. Bouchard (#2504) [abouchard@bmf-law.com]
> Karen L. Pascale (#2903) [kpascale@bmf-law.com]
> 222 Delaware Avenue, Suite 1400
> Wilmington, DE 19801
> (302) 573-3500
>   *Attorneys for Defendant-Counterclaimant*
>   *Symbol Technologies, Inc.*