IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTERMEC IP CORP., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 04-357 (GMS) |
| SYMBOL TECHNOLOGIES, INC., a Delaware corporation, | ) ) ) | **DEMAND FOR JURY TRIAL** |
| Defendant. | ) ) | |

**AMENDED AND SUPPLEMENTAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Intermec IP Corp. ("Intermec"), for its Complaint against Defendant Symbol Technologies, Inc. ("Symbol") hereby alleges:

**JURISDICTION AND VENUE**

1. This action arises under the patent laws of the United States, 35 U.S.C. § 101 et seq. This Court has jurisdiction under 28 U.S.C. § 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

**THE PARTIES**

3. Plaintiff Intermec is incorporated under the laws of the State of Delaware, and has its principal place of business at 6001 36th Ave. West, Everett, WA 98203.

4. On information and belief, Defendant Symbol is incorporated under the laws of the State of Delaware, and has its principal place of business at One Symbol Plaza, Holtsville, New York 11742.

5.       On information and belief, after the filing of Intermec's original complaint against Matrics, Inc. ("Matrics") in this action, Symbol, with full knowledge of the pendency of this action and Intermec's assertion that Matrics' RFID products infringed the asserted patents, acquired all of the stock of Matrics in order to enter the RFID market, and then merged Matrics into itself.  Thus, Symbol is the successor-in-interest to Matrics.  References to activities of Symbol in this amended and supplemental complaint refer to activities of Symbol, as well as to activities of Matrics prior to October 29, 2004.

## ASSERTED PATENTS

6.       On June 15, 1999, the United States Patent and Trademark Office ("PTO") issued U.S. Patent No. 5,912,632 (the "'632 Patent") to David E. Dieska, Daniel Joseph Friedman, Kenneth Alan Goldman and Harley Kent Heinrich for their invention entitled "Single Chip RF Tag Oscillator Circuit Synchronized By Base Station Modulation Frequency." Intermec owns all right and title to the '632 patent.  A copy of the '632 patent is attached hereto as Exhibit A.

7.       On June 18, 1996, the PTO issued U.S. Patent No. 5,528,222 (the "'222 patent") to Paul A Moskowitz, Michael J. Brady and Paul W. Coteus for their invention entitled "Radio Frequency Circuit and Memory in Thin Flexible Package." Intermec owns all right and title to the '222 patent.  A copy of the '222 patent is attached hereto as Exhibit B.

8.       On November 30, 1999, the PTO issued U.S. Patent No. 5,995,019 (the "'019 patent") to Trieu Can Chieu, Thomas Anthony Cofino, Harley Kent Heinrich, Paul Jorge Sousa and Li-Cheng Richard Zai for their invention entitled "Method for Communicating with RF Transponders." Intermec owns all right and title to the '019 patent.  A copy of the '019 patent is attached hereto as Exhibit C.

9. On April 16, 2002, the PTO issued U.S. Patent No. 6,371,375 (the "'375 patent") to H. Sprague Ackley and Christopher A. Wiklof for their invention entitled "Method and Apparatus for Associating Data with a Wireless Memory Device." Intermec owns all right and title to the '375 patent. A copy of the '375 patent is attached hereto as Exhibit D.

10. The patents-in-suit relate to Radio Frequency Identification ("RFID") technology, which has many applications. The object of any RFID system is to carry data in suitable transponders, generally known as tags, and to retrieve the data, by machine-readable means, at a suitable time and place to satisfy particular application needs. Data within a tag may provide identification for an item in manufacture, goods in transit, a location and/or identity of a vehicle, an animal or individual. By including additional data, the prospect is provided for supporting applications through item specific information or instructions immediately available on reading the tag, for example, the color of paint for a car body entering a paint spray area on the production line, the set-up instructions for a flexible manufacturing cell or the manifest to accompany a shipment of goods.

11. An RFID system requires, in addition to tags, a means of reading or interrogating the tags and some means of communicating the data to a host computer or information management system. In an RFID system, an interrogating device emits a radio signal to activate the tag and read data from it and, in some instances, write data to it.

**FIRST CLAIM FOR RELIEF**
**(INFRINGEMENT OF THE '632 PATENT)**

12. Plaintiff incorporates paragraphs 1 through 11 by reference as though fully set forth herein.

13. Symbol has made, used, sold and/or offered for sale in the United States, RFID products, including, but not limited to, the RFID tags SDR-001, DDS-001, DDS-003 and X1020 series tags, stationary readers SR400 and RDR-001 and handheld reader RDR-002.

14. Symbol's RFID products, including but not limited to those identified in paragraph 13, infringe at least one claim of the '632 patent.

15. By virtue of its manufacture, use, sale, offer for sale and/or encouragement of others to use its RFID products, including but not limited to those identified in paragraph 13, Symbol has been and still is infringing, inducing the infringement of and/or contributing to the infringement of the '632 Patent.

16. Symbol's infringement of the '632 Patent has caused, and will continue to cause, Plaintiff substantial and irreparable injury for which Plaintiff is entitled to receive adequate compensation, or injunctive relief. As a result of Symbol's infringement of the '632 Patent, and Plaintiff's compliance with the requirements of 35 U.S.C. §287(a), Plaintiff is entitled to damages adequate to compensate it for the infringement, but in no event less than a reasonable royalty.

17. Symbol's infringement of the '632 patent has been willful and deliberate, at least since the filing of the original complaint and, on information and belief, before that date.

## SECOND CLAIM FOR RELIEF
## (INFRINGEMENT OF THE '222 PATENT)

18. Plaintiff incorporates paragraphs 1 through 11 by reference as though fully set forth herein.

19. Symbol has made, used, sold, and/or offered for sale in the United States RFID products, including, but not limited to, the RFID tags SDR-001, DDS-001, DDS-003 and X1020 series tags.

20. Symbol's RFID products, including but not limited to those identified in paragraph 19, infringe the '222 patent.

21. By virtue of its manufacture, use, sale, offer for sale and/or encouragement of others to use its RFID products, including but not limited to those identified in paragraph 19, Symbol has been and still is infringing, inducing the infringement of and/or contributing to the infringement of the '222 patent.

22. Symbol's infringement of the '222 patent has caused, and will continue to cause, Plaintiff substantial and irreparable injury for which Plaintiff is entitled to receive adequate compensation, or injunctive relief. As a result of Symbol's infringement of the '222 patent, and Plaintiff's compliance with the requirements of 35 U.S.C. §287(a), Plaintiff is entitled to damages adequate to compensate it for the infringement, but in no event less than a reasonable royalty.

23. Symbol's infringement of the '222 patent has been willful and deliberate, at least since the filing of the original complaint and, on information and belief, before that date.

**THIRD CLAIM FOR RELIEF**
**(INFRINGEMENT OF THE '019 PATENT)**

24. Plaintiff incorporates paragraphs 1 through 11 by reference as though fully set forth herein.

25. Symbol has made, used, sold and/or offered for sale in the United States RFID products, including, but not limited to, the RFID tags SDR-001, DDS-001, DDS-003 and X1020 series tags, stationary readers SR400 and RDR-001 and handheld reader RDR-002

26. Symbol's RFID products, including but not limited to those identified in paragraph 25, infringe the '019 patent.

27. By virtue of its manufacture, use, sale, offer for sale and/or encouragement of others to use its RFID products, including but not limited to those identified in paragraph 25, Symbol has been and still is infringing, inducing the infringement of and/or contributing to the infringement of the '019 patent.

28. Symbol's infringement of the '019 patent has caused, and will continue to cause, Plaintiff substantial and irreparable injury for which Plaintiff is entitled to receive adequate compensation, or injunctive relief. As a result of Symbol's infringement of the '019 patent and Plaintiff's compliance with the requirements of 35 U.S.C. §287(a), Plaintiff is entitled to damages adequate to compensate it for the infringement, but in no event less than a reasonable royalty.

29. Symbol's infringement of the '019 patent has been willful and deliberate, at least since the filing of the original complaint and, on information and belief, before that date.

**FOURTH CLAIM FOR RELIEF**
**(INFRINGEMENT OF THE '375 PATENT)**

30. Plaintiff incorporates paragraphs 1 through 11 by reference as though fully set forth herein.

31. Symbol has made, used, sold and/or offered for sale in the United States RFID products, including, but not limited to, the RFID tags SDR-001, DDS-001, DDS-003 and X1020 series tags.

32. Symbol's RFID products, including but not limited to those identified above in paragraph 31, infringe the '375 patent.

33. By virtue of its manufacture, use, sale, offer for sale and/or encouragement of others to use its RFID products, including but not limited to those identified in paragraph 31,

6

Symbol has been and still is infringing, inducing the infringement of and/or contributing to the infringement of the '375 patent.

34.  Symbol's infringement of the '375 patent has caused, and will continue to cause, Plaintiff substantial and irreparable injury for which Plaintiff is entitled to receive adequate compensation, or injunctive relief.  As a result of Symbol's infringement of the '375 patent, and Plaintiff's compliance with the requirements of 35 U.S.C. §287(a), Plaintiff is entitled to damages adequate to compensate it for the infringement, but in no event less than a reasonable royalty.

35.  Symbol's infringement of the '375 patent has been willful and deliberate, at least since the filing of the original complaint and, on information and belief, before that date.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

A.  Grant injunctive relief prohibiting Defendant Symbol, its officers, agents, servants, employees and attorneys, and upon those persons in active concert or participation with Defendant, from further infringement of the patents-in-suit;

B.  Award Plaintiff its damages adequate to compensate it for Defendant's infringement, together with interest as fixed by the Court;

C.  Award Plaintiff treble damages for Defendant's willful infringement.

D.  Declare this case exceptional pursuant to 35 U.S.C. § 285 and award Plaintiff its costs and reasonable attorney fees; and

E.  Grant Plaintiff such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands trial by jury of all issues triable of right by a jury.

MORRIS, NICHOLS, ARSHT & TUNNELL

_____
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
  Attorneys for Plaintiff Intermec IP Corp.

OF COUNSEL:

Frederick A. Lorig
Bruce R. Zisser
BRIGHT & LORIG
633 West Fifth Street
Suite 3330
Los Angeles, CA  90071

April 20, 2005

456599

# CERTIFICATE OF SERVICE

I, Rodger D. Smith II, hereby certify that on April 20, 2005 I caused to be electronically filed the Amended And Supplemental Complaint For Patent Infringement with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following:

> Karen L. Pascale, Esquire
> Bouchard, Margules & Friedlander
> 222 Delaware Avenue
> Suite 1400
> Wilmington, DE  19801

I also certify that copies were caused to be served on April 20, 2005 upon the following in the manner indicated:

### BY HAND

> Karen L. Pascale, Esquire
> Bouchard, Margules & Friedlander
> 222 Delaware Avenue
> Suite 1400
> Wilmington, DE  19801

### BY FEDERAL EXPRESS

> Eric J. Lobenfeld, Esquire
> Hogan & Hartson
> 875 Third Avenue
> New York, NY  10022

> */s/     Rodger D. Smith II (#3778)*
> Morris, Nichols, Arsht & Tunnell
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE  19899
> (302) 658-9200
> rsmith@mnat.com