IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

INTERMEC IP CORP., a Delaware          )
corporation,                           )
                                       )
      Plaintiff-Counter Defendant,    )
                                       )
                                       )    Civil Action No. 04-CV-357 (GMS)
                                       )
SYMBOL TECHNOLOGIES, INC.,             )
a Delaware corporation,                )
                                       )
      Defendant-Counterclaimant.      )
_____)

## SECOND AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT SYMBOL TECHNOLOGIES, INC.

Defendant-Counterclaimant Symbol Technologies, Inc. ("Symbol"), as and for its Answer and Counterclaims to the Amended and Supplemental Complaint ("Amended Complaint") of Intermec IP Corp. ("Intermec") alleges as follows:

### JURISDICTION AND VENUE

1. Admits the allegations contained in paragraph 1 of the Amended Complaint.

2. Admits the allegations contained in paragraph 2 of the Amended Complaint.

### THE PARTIES

3. Admits, on information and belief, the allegations contained in paragraph 3 of the Amended Complaint.

4.      Admits the allegations contained in paragraph 4 of the Amended Complaint.

5.      Admits that on October 29, 2004, Matrics, Inc. was merged into Symbol, admits that Symbol is the successor-in-interest to Matrics, and denies the remaining allegations of paragraph 5 of the Amended Complaint.

## ASSERTED PATENTS

6.      Admits the allegations contained in paragraph 6 of the Amended Complaint, except denies having knowledge or information sufficient to form a belief as to the truth of the allegation that Intermec owns all right and title to U.S. Patent No. 5,912,632 (the "'632 Patent").

7.      Admits the allegations contained in paragraph 7 of the Amended Complaint, except denies having knowledge or information sufficient to form a belief as to the truth of the allegation that Intermec owns all right and title to U.S. Patent No. 5,528,222 (the "'222 Patent").

8.      Admits the allegations contained in paragraph 8 of the Amended Complaint, except denies having knowledge or information sufficient to form a belief as to the truth of the allegation that Intermec owns all right and title to U.S. Patent No. 5,995,019 (the "'019 Patent").

9.      Admits the allegations contained in paragraph 9 of the Amended Complaint, except denies having knowledge or information sufficient to form a belief as to the truth of the allegation that Intermec owns all right and title to U.S. Patent No. 6,371,375 (the "'375 Patent").

10.     Denies the allegations contained in paragraph 10 of the Amended Complaint, and avers that the allegations concerning RFID technology contain general statements regarding the technology covered by the '632, '222, '019 and '375 Patents that are incomplete and inaccurate.

11.     Denies the allegations contained in paragraph 11 of the Amended Complaint, and avers that the allegations concerning RFID technology contain general statements regarding the technology covered by the '632, '222, '019 and '375 Patents that are incomplete and inaccurate.

## FIRST CLAIM FOR RELIEF
## (INFRINGEMENT OF THE '632 PATENT)

12.     In response to paragraph 12 of the Amended Complaint, repeats and re-alleges its responses to paragraphs 1 – 11 of the Amended Complaint as if fully set forth herein.

13.     Admits the allegations contained in paragraph 13 of the Amended Complaint.

14.     Denies the allegations contained in paragraph 14 of the Amended Complaint.

15.     Denies the allegations contained in paragraph 15 of the Amended Complaint.

16.     Denies the allegations contained in paragraph 16 of the Amended Complaint.

17.     Denies the allegations contained in paragraph 17 of the Amended Complaint.

## SECOND CLAIM FOR RELIEF
### (INFRINGEMENT OF THE '222 PATENT)

18.     In response to paragraph 18 of the Amended Complaint, repeats and re-alleges its responses to paragraphs 1 – 11 of the Amended Complaint as if fully set forth herein.

19.     Admits the allegations contained in paragraph 19 of the Amended Complaint.

20.     Denies the allegations contained in paragraph 20 of the Amended Complaint.

21.     Denies the allegations contained in paragraph 21 of the Amended Complaint.

22.     Denies the allegations contained in paragraph 22 of the Amended Complaint.

23.     Denies the allegations contained in paragraph 23 of the Amended Complaint.

## THIRD CLAIM FOR RELIEF
### (INFRINGEMENT OF THE '019 PATENT)

24.     In response to paragraph 24 of the Amended Complaint, repeats and re-alleges its responses to paragraphs 1 – 11 of the Amended Complaint as if fully set forth herein.

25.     Admits the allegations contained in paragraph 25 of the Amended Complaint.

26.     Denies the allegations contained in paragraph 26 of the Amended Complaint.

27.     Denies the allegations contained in paragraph 27 of the Amended Complaint.

28.     Denies the allegations contained in paragraph 28 of the Amended Complaint.

29.     Denies the allegations contained in paragraph 29 of the Amended Complaint.

**FOURTH CLAIM FOR RELIEF**
**(INFRINGEMENT OF THE '375 PATENT)**

30.     In response to paragraph 30 of the Amended Complaint, repeats and re-alleges its responses to paragraphs 1 – 11 of the Amended Complaint as if fully set forth herein.

31.     Admits the allegations contained in paragraph 31 of the Amended Complaint.

32.     Denies the allegations contained in paragraph 32 of the Amended Complaint.

33.     Denies the allegations contained in paragraph 33 of the Amended Complaint.

34.     Denies the allegations contained in paragraph 34 of the Amended Complaint.

35.     Denies the allegations contained in paragraph 35 of the Amended Complaint.

36.    Denies each and every other allegation contained in the Amended Complaint not heretofore expressly admitted.

## FIRST AFFIRMATIVE DEFENSE

### (Invalidity)

37.    On information and belief, the '632 Patent is invalid for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, §§ 101 et seq.

38.    On information and belief, the '222 Patent is invalid for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, §§ 101 et seq.

39.    On information and belief, the '019 Patent is invalid for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, §§ 101 et seq.

40.    On information and belief, the '375 Patent is invalid for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, §§ 101 et seq.

## SECOND AFFIRMATIVE DEFENSE

### (Noninfringement)

41.    Symbol has not infringed, contributed to infringement by others or induced others to infringe, and does not infringe, contribute to infringement by others or induce others to infringe any claim of the '632 Patent.

42.    Symbol has not infringed, contributed to infringement by others or induced others to infringe, and does not infringe, contribute to infringement by others or induce others to infringe any claim of the '222 Patent.

43.    Symbol has not infringed, contributed to infringement by others or induced others to infringe, and does not infringe, contribute to infringement by others or induce others to infringe any claim of the '019 Patent.

44.    Symbol has not infringed, contributed to infringement by others or induced others to infringe, and does not infringe, contribute to infringement by others or induce others to infringe any claim of the '375 Patent.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Mark or Give Notice)

45.    Plaintiff's claims are limited pursuant to 35 U.S.C. § 287.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

46.    On information and belief, Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver, based on its actions before the Association for Automatic Identification and Mobility ("AIM"), EPCglobal, the International Organization for Standardization ("ISO"), the International Electrotechnical Commission ("IEC") and other standard setting organizations.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

47.    On information and belief, Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel, based on its actions before AIM, EPCglobal, ISO, IEC and other standard setting organizations.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

48.    On information and belief, Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands, based on its actions before AIM, EPCglobal, ISO, IEC and other standard setting organizations.

## SEVENTH AFFIRMATIVE DEFENSE

### (License)

49.    On information and belief, Plaintiff's claims are barred, in whole or in part, by the doctrine of license, based on its actions before AIM, EPCglobal, ISO, IEC and other standard setting organizations.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Join an Indispensable Party)

50.    On information and belief, Plaintiff's First and Second Claims for Relief should be dismissed pursuant to Fed. R. Civ. P. 12 (b)(7) for failure to join TransCore, LP, an indispensable party to this action under Fed. R. Civ. P. 19.

## COUNTERCLAIMS AGAINST INTERMEC

Defendant-Counterclaimant Symbol, by its undersigned attorneys, as and for its Counterclaims against Plaintiff-Counterclaim Defendant Intermec, states as follows:

## JURISDICTION AND VENUE

51.    This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 et. seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

52.    This Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338 (a) and 2201(a).

53.    On information and belief based upon the assertions contained in paragraph 3 of the Amended Complaint, this Court has personal jurisdiction over Intermec as a Delaware corporation that has already submitted itself to this Court's jurisdiction.

54.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 28 U.S.C. § 1400(b).

## PARTIES

55.    Defendant and Counterclaimant, Symbol, is incorporated under the laws of the State of Delaware, and has its principal place of business at One Symbol Plaza, Holtsville, NY 11742.    Symbol delivers enterprise mobility solutions that enable anywhere, anytime data and voice communication designed to increase productivity, reduce costs and realize competitive advantage.  Symbol systems and services integrate rugged mobile computing, advanced data capture and wireless networking for the world's leading retailers, transportation and logistics companies and manufacturers as well as government agencies and providers of healthcare, hospitality and security.

56.     On information and belief based on the assertions contained in paragraph 3 of the Amended Complaint, Intermec is incorporated under the laws of the State of Delaware and has its principal place of business at 6001 36th Ave. West, Everett, WA 98203.

## EXISTENCE OF A JUSTICIABLE CONTROVERSY

57.     U.S. Patent No. 5,912,632 (the "'632 Patent") entitled "Single Chip RF Tag Oscillator Circuit Synchronized By Base Station Modulation Frequency" appears, on its face, to have been issued on June 15, 1999.

58.     U.S. Patent No. 5,528,222 (the "'222 Patent") entitled "Radio Frequency Circuit And Memory In Thin Flexible Package" appears, on its face, to have been issued on June 18, 1996.

59.     U.S. Patent No. 5,995,019 (the "'019 Patent") entitled "Method For Communicating With RF Transponders" appears, on its face, to have been issued on November 30, 1999.

60.     U.S. Patent No. 6,371,375 (the "'375 Patent") entitled "Method And Apparatus For Associating Data With A Wireless Memory Device" appears, on its face, to have been issued on April 16, 2002.

61.     Intermec claims to be the present owner of all rights and title to the '632, '222, '019, and '375 Patents.

62.     Intermec has brought a lawsuit against Symbol in this judicial district alleging infringement of the '632, '222, '019 and '375 Patents.

63.     There exists a justiciable controversy between Symbol and Intermec concerning the validity, enforceability and/or infringement of the '632, '222, '019 and

'375 Patents as set forth in the Amended Complaint and Symbol's Answer thereto set forth herein.

### FIRST CLAIM FOR RELIEF AGAINST INTERMEC

**(Declaratory Judgment of Invalidity of the**
**'632 Patent, the '222 Patent, the '019 Patent or the '375 Patent)**

64.    Symbol repeats and re-alleges the allegations contained in paragraphs 51 through 63 of its Counterclaims against Intermec as if fully set forth herein.

65.    Symbol is entitled to a declaratory judgment that the claims of the '632 Patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, §§ 101 et seq.

66.    Symbol is entitled to a declaratory judgment that the claims of the '222 Patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, §§ 101 et seq.

67.    Symbol is entitled to a declaratory judgment that the claims of the '019 Patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, §§ 101 et seq.

68.    Symbol is entitled to a declaratory judgment that the claims of the '375 Patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, §§ 101 et seq.

## SECOND CLAIM FOR RELIEF AGAINST INTERMEC

### (Declaratory Judgment of Noninfringement of the '632 Patent, the '222 Patent, the '019 Patent or the '375 Patent)

69.    Symbol repeats and re-alleges the allegations contained in paragraphs 51 through 63 of its Counterclaims against Intermec as if fully set forth herein.

70.    Symbol is entitled to a declaratory judgment that it has not infringed, contributed to infringement by others or induced others to infringe, and does not infringe, contribute to infringement by others or induce others to infringe any claim of the '632 Patent.

71.    Symbol is entitled to a declaratory judgment that it has not infringed, contributed to infringement by others or induced others to infringe, and does not infringe, contribute to infringement by others or induce others to infringe any claim of the '222 Patent.

72.    Symbol is entitled to a declaratory judgment that it has not infringed, contributed to infringement by others or induced others to infringe, and does not infringe, contribute to infringement by others or induce others to infringe any claim of the '019 Patent.

73.    Symbol is entitled to a declaratory judgment that it has not infringed, contributed to infringement by others or induced others to infringe, and does not infringe, contribute to infringement by others or induce others to infringe any claim of the '375 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Defendant-Counterclaimant Symbol requests this Court:

A.  Enter judgment dismissing with prejudice Intermec's Amended Complaint for Patent Infringement pursuant to 35 U.S.C. § 271 et seq.;

B.  Enter judgment declaring that the '632 Patent is invalid and that Intermec is barred from asserting the '632 Patent against Symbol;

C.  Enter judgment declaring that the '222 Patent is invalid and that Intermec is barred from asserting the '222 Patent against Symbol;

D.  Enter judgment declaring that the '019 Patent is invalid and that Intermec is barred from asserting the '019 Patent against Symbol;

E.  Enter judgment declaring that the '375 Patent is invalid and that Intermec is barred from asserting the '375 Patent against Symbol;

F.  Enter judgment declaring that Symbol has not infringed, contributed to the infringement of, or induced others to infringe any claim of the '632 Patent;

G.  Enter judgment declaring that Symbol has not infringed, contributed to the infringement of, or induced others to infringe any claim of the '222 Patent;

H.  Enter judgment declaring that Symbol has not infringed, contributed to the infringement of, or induced others to infringe any claim of the '019 Patent;

I.    Enter judgment declaring that Symbol has not infringed, contributed to the infringement of, or induced others to infringe any claim of the '375 Patent;

J.    Order Intermec to pay Symbol's costs, expenses and reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

K.    Grant Symbol such other or further relief as this Court may deem just and proper.

BOUCHARD MARGULES & FRIEDLANDER, P.A.

/s/ Karen L. Pascale
Andre G. Bouchard (I.D. No. 2504)
Karen L. Pascale (I.D. No. 2903)
   [kpascale@bmf-law.com]
222 Delaware Avenue, Suite 1400
Wilmington, Delaware 19801
(302) 573-3500

*Attorneys for Defendant-Counterclaimant*
*Symbol Technologies, Inc.*

**OF COUNSEL:**

Eric J. Lobenfeld
Ira J. Schaefer
Tedd W. Van Buskirk
HOGAN & HARTSON L.L.P.
875 Third Avenue
New York, New York 10022
(212) 918-3000

May 4, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2005, I caused to be electronically filed a true and correct copy of the notice of the foregoing *Second Amended Answer and Counerclaims of Defendant Symbol Technologies, Inc.* with the Clerk of Court using CM/ECF which will send notification of such filing to the following counsel of record:

> Jack B. Blumenfeld, Esquire
> MORRIS NICHOLS ARSHT & TUNNELL
> 1201 N. Market Street
> Wilmington, DE 19801
> [jblumenfeld@mnat.com]

I further certify that on May 4, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel, and that a copy was served on the following non-registered participants on the same date in the manner indicated:

> ### *By E-mail*
>
> Frederick A. Lorig, Esquire
> BRIGHT & LORIG, P.C.
> 633 West Fifth Street
> Suite 3330
> Los Angeles, CA 90071
> [florig@brightlorig.com]
>
>
> /s/ Karen L. Pascale
> BOUCHARD MARGULES & FRIEDLANDER, P.A.
> Andre G. Bouchard (#2504) [abouchard@bmf-law.com]
> Karen L. Pascale (#2903) [kpascale@bmf-law.com]
> 222 Delaware Avenue, Suite 1400
> Wilmington, DE 19801
> (302) 573-3500
>    *Attorneys for Defendant and Counterclaimant*
>    *Symbol Technologies, Inc.*