# EXHIBIT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF DISTRICT OF COLUMBIA

Intermec IP Corp.,

      Plaintiff,

        v.

Symbol Technologies, Inc.,

      Defendant.

### SUBPOENA IN A CIVIL CASE

Civil Action No. 04-357-GMS
(D. DEL.)

TO:    **The Carlyle Group**
        **1001 Pennsylvania Ave., N.W.**
        **Washington, DC 20004-2505**

---

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case:

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  SEE EXHIBIT A

| PLACE | DATE AND TIME |
|---|---|
| Morris, Nichols, Arsht & Tunnell<br>1201 N. Market St.<br>Wilmington, DE  19801 | June 27, 2005 at 9:00 a.m. |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which a person will testify.  Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) DEFENDANT | DATE |
|---|---|
| *[signature]*<br>Attorney for Plaintiff | June 6, 2005 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | TELEPHONE |
|---|---|
| Rodger D. Smith II (#3778)<br>MORRIS, NICHOLS, ARSHT & TUNNELL<br>1201 North Market St.<br>P.O. Box 1347<br>Wilmington, DE  19899 | (302) 658-9200 |

| PROOF OF SERVICE | |
|---|---|
| DATE | PLACE |
| SERVED | Date | Place |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct:

Executed on: _____

| DATE | SIGNATURE OF SERVER |
|---|---|
| | ADDRESS OF SERVER |

RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS C & D

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except

that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

## DEFINITIONS

1.      "Matrics" means Matrics, Inc. and any and all of its predecessors, successors, subsidiaries, divisions, affiliates, and affiliated entities, as well as the officers, directors, agents, employees, and representatives of the foregoing.

2.      "Symbol" means Symbol Technologies, Inc. and any and all of its predecessors, successors, subsidiaries, divisions, affiliates, and affiliated entities, as well as the officers, directors, agents, employees, and representatives of the foregoing.

3.      "Document" is used as defined in Fed. R. Civ. P. 34(a).

4.      "Concern" and "concerning" are used in their broadest sense and include all matters relating to, referring to, describing, evidencing or constituting the referenced subject.

5.      The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request any information or documents that might otherwise be construed to be outside of its scope.

6.      The use of the singular form of any word includes the plural and vice versa.

7.      "Any" means each and every.

8.      "The '632 patent" means United States Patent No. 5,912,632.

9.      "The '222 patent" means United States Patent No. 5,528,222.

10.     "The '019 patent" means United States Patent No. 5,995,019.

11.     "The '375 patent" means United States Patent No. 6,371,375.

## REQUESTS FOR PRODUCTION

1.     All documents and things concerning the valuation of the assets, business or technology of Matrics.

2.     All documents and things concerning the valuation of the assets of Matrics by Symbol.

3.     All documents and things concerning the acquisition of the stock or assets of Matrics by Symbol, including without limitation any due diligence documents, financing documents, and evaluations and descriptions of Matrics and its assets, products and technology.

4.     All documents and things concerning the negotiation for the acquisition of the stock or assets of Matrics by Symbol.

5.     All documents and things concerning any indemnification or request for indemnification regarding patent infringement in connection with the acquisition of the stock or assets of Matrics by Symbol.

6.     All documents and things concerning any communications with Matrics or Symbol relating to Intermec, Intermec Technologies Corp., this litigation, or any of the patents in suit.

7.     All documents and things concerning any communications about any Intermec patents in connection with the potential or actual acquisition of the stock or assets of Matrics by Symbol.

8.     All documents and things concerning any communications with Matrics or Symbol concerning the '632 patent, the '222 patent, the '019 patent, or the '375 patent.

9.    All documents and things concerning any communications with Matrics or Symbol concerning whether Matrics or Symbol infringes or has infringed the '632 patent, the '222 patent, the '019 patent, or the '375 patent.

10.    All documents and things concerning Matrics' RFID products, including their design, development, operation, use or performance.

11.    All documents and things concerning publications, articles, presentations or abstracts concerning Matrics' RFID products.

12.    All documents and things concerning any comparison of Matrics's RFID products and those sold by Intermec Technologies Corp.

13.    All documents and things concerning the marketing or sales of Matrics' RFID products, including any proposed or actual business or marketing plan relating to Matrics' RFID products.

14.    All documents and things concerning any market share or market potential for Matrics' RFID products, including any marketing analysis, study or survey with respect to RFID products.

15.    All documents and things concerning projected sales (in units and dollars), costs, profits or margin, pricing, marketing, market share, sales volumes, or market projections or analyses with respect to Matrics' RFID products

16.    All documents concerning the actual or potential industry participants in the market for the sale of Matrics's RFID products in the United States and the actual or estimated market share of each participant or potential participant.

458522

- 3 -

# EXHIBIT B

# UNITED STATES DISTRICT COURT

## DISTRICT OF MARYLAND

Intermec IP Corp.,

     **Plaintiff,**

            v.

Symbol Technologies, Inc.,

     **Defendant.**

### SUBPOENA IN A CIVIL CASE

Civil Action No. 04-357-GMS
(D. DEL.)

TO:   **Novak Biddle Venture Partners**
       **7501 Wisconsin Ave.**
       **East Tower, Suite 1380**
       **Bethesda, MD  20814**

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case:

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  SEE EXHIBIT A

| PLACE | DATE AND TIME |
|---|---|
| Morris, Nichols, Arsht & Tunnell<br>1201 N. Market St.<br>Wilmington, DE  19801 | June 27, 2005 at 9:30 a.m. |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which a person will testify.  Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) DEFENDANT | DATE |
|---|---|
| *[signature]*<br>Attorney for Plaintiff | June 6, 2005 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | TELEPHONE |
|---|---|
| Rodger D. Smith II (#3778)<br>MORRIS, NICHOLS, ARSHT & TUNNELL<br>1201 North Market St.<br>P.O. Box 1347<br>Wilmington, DE  19899 | (302) 658-9200 |

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | Date | Place |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct:

Executed on: _____

DATE _____

SIGNATURE OF SERVER

ADDRESS OF SERVER

RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS C & D

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except

that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A

## DEFINITIONS

1.      "Matrics" means Matrics, Inc. and any and all of its predecessors, successors, subsidiaries, divisions, affiliates, and affiliated entities, as well as the officers, directors, agents, employees, and representatives of the foregoing.

2.      "Symbol" means Symbol Technologies, Inc. and any and all of its predecessors, successors, subsidiaries, divisions, affiliates, and affiliated entities, as well as the officers, directors, agents, employees, and representatives of the foregoing.

3.      "Document" is used as defined in Fed. R. Civ. P. 34(a).

4.      "Concern" and "concerning" are used in their broadest sense and include all matters relating to, referring to, describing, evidencing or constituting the referenced subject.

5.      The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request any information or documents that might otherwise be construed to be outside of its scope.

6.      The use of the singular form of any word includes the plural and vice versa.

7.      "Any" means each and every.

8.      "The '632 patent" means United States Patent No. 5,912,632.

9.      "The '222 patent" means United States Patent No. 5,528,222.

10.      "The '019 patent" means United States Patent No. 5,995,019.

11.      "The '375 patent" means United States Patent No. 6,371,375.

## REQUESTS FOR PRODUCTION

1.      All documents and things concerning the valuation of the assets, business or technology of Matrics.

2.      All documents and things concerning the valuation of the assets of Matrics by Symbol.

3.      All documents and things concerning the acquisition of the stock or assets of Matrics by Symbol, including without limitation any due diligence documents, financing documents, and evaluations and descriptions of Matrics and its assets, products and technology.

4.      All documents and things concerning the negotiation for the acquisition of the stock or assets of Matrics by Symbol.

5.      All documents and things concerning any indemnification or request for indemnification regarding patent infringement in connection with the acquisition of the stock or assets of Matrics by Symbol.

6.      All documents and things concerning any communications with Matrics or Symbol relating to Intermec, Intermec Technologies Corp., this litigation, or any of the patents in suit.

7.      All documents and things concerning any communications about any Intermec patents in connection with the potential or actual acquisition of the stock or assets of Matrics by Symbol.

8.      All documents and things concerning any communications with Matrics or Symbol concerning the '632 patent, the '222 patent, the '019 patent, or the '375 patent.

9.     All documents and things concerning any communications with Matrics or Symbol concerning whether Matrics or Symbol infringes or has infringed the '632 patent, the '222 patent, the '019 patent, or the '375 patent.

10.     All documents and things concerning Matrics' RFID products, including their design, development, operation, use or performance.

11.     All documents and things concerning publications, articles, presentations or abstracts concerning Matrics' RFID products.

12.     All documents and things concerning any comparison of Matrics's RFID products and those sold by Intermec Technologies Corp.

13.     All documents and things concerning the marketing or sales of Matrics' RFID products, including any proposed or actual business or marketing plan relating to Matrics' RFID products.

14.     All documents and things concerning any market share or market potential for Matrics' RFID products, including any marketing analysis, study or survey with respect to RFID products.

15.     All documents and things concerning projected sales (in units and dollars), costs, profits or margin, pricing, marketing, market share, sales volumes, or market projections or analyses with respect to Matrics' RFID products

16.     All documents concerning the actual or potential industry participants in the market for the sale of Matrics's RFID products in the United States and the actual or estimated market share of each participant or potential participant.

458522

- 3 -

# EXHIBIT C

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Intermec IP Corp.,

    **Plaintiff,**

        v.

Symbol Technologies, Inc.,

    **Defendant.**

### SUBPOENA IN A CIVIL CASE

Civil Action No. 04-357-GMS
(D. DEL.)

TO:   **Polaris Venture Partners**
      **1000 Winter St.**
      **Suite 3350**
      **Waltham, MA  02451**

| ☐ | YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case. |
|---|---|

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

| ☐ | YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case: |
|---|---|

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

| ☒ | YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  SEE EXHIBIT A |
|---|---|

| PLACE | DATE AND TIME |
|---|---|
| Morris, Nichols, Arsht & Tunnell<br>1201 N. Market St.<br>Wilmington, DE  19801 | June 27, 2005 at 10:00 a.m. |

| ☐ | YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. |
|---|---|

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which a person will testify.  Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) DEFENDANT | DATE |
|---|---|
| *[signature]*<br>Attorney for Plaintiff | June 6, 2003 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | TELEPHONE |
|---|---|
| Rodger D. Smith II (#3778)<br>MORRIS, NICHOLS, ARSHT & TUNNELL<br>1201 North Market St.<br>P.O. Box 1347<br>Wilmington, DE  19899 | (302) 658-9200 |

| PROOF OF SERVICE | |
|---|---|
| DATE | PLACE |

SERVED

| Date | Place |

SERVED ON (PRINT NAME)

MANNER OF SERVICE

SERVED BY (PRINT NAME)

TITLE

| DECLARATION OF SERVER | |

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct:

Executed on: _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS C & D

(c)   PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except

that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

## DEFINITIONS

1.      "Matrics" means Matrics, Inc. and any and all of its predecessors, successors, subsidiaries, divisions, affiliates, and affiliated entities, as well as the officers, directors, agents, employees, and representatives of the foregoing.

2.      "Symbol" means Symbol Technologies, Inc. and any and all of its predecessors, successors, subsidiaries, divisions, affiliates, and affiliated entities, as well as the officers, directors, agents, employees, and representatives of the foregoing.

3.      "Document" is used as defined in Fed. R. Civ. P. 34(a).

4.      "Concern" and "concerning" are used in their broadest sense and include all matters relating to, referring to, describing, evidencing or constituting the referenced subject.

5.      The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request any information or documents that might otherwise be construed to be outside of its scope.

6.      The use of the singular form of any word includes the plural and vice versa.

7.      "Any" means each and every.

8.      "The '632 patent" means United States Patent No. 5,912,632.

9.      "The '222 patent" means United States Patent No. 5,528,222.

10.      "The '019 patent" means United States Patent No. 5,995,019.

11.      "The '375 patent" means United States Patent No. 6,371,375.

## REQUESTS FOR PRODUCTION

1.      All documents and things concerning the valuation of the assets, business or technology of Matrics.

2.      All documents and things concerning the valuation of the assets of Matrics by Symbol.

3.      All documents and things concerning the acquisition of the stock or assets of Matrics by Symbol, including without limitation any due diligence documents, financing documents, and evaluations and descriptions of Matrics and its assets, products and technology.

4.      All documents and things concerning the negotiation for the acquisition of the stock or assets of Matrics by Symbol.

5.      All documents and things concerning any indemnification or request for indemnification regarding patent infringement in connection with the acquisition of the stock or assets of Matrics by Symbol.

6.      All documents and things concerning any communications with Matrics or Symbol relating to Intermec, Intermec Technologies Corp., this litigation, or any of the patents in suit.

7.      All documents and things concerning any communications about any Intermec patents in connection with the potential or actual acquisition of the stock or assets of Matrics by Symbol.

8.      All documents and things concerning any communications with Matrics or Symbol concerning the '632 patent, the '222 patent, the '019 patent, or the '375 patent.

9.    All documents and things concerning any communications with Matrics or Symbol concerning whether Matrics or Symbol infringes or has infringed the '632 patent, the '222 patent, the '019 patent, or the '375 patent.

10.    All documents and things concerning Matrics' RFID products, including their design, development, operation, use or performance.

11.    All documents and things concerning publications, articles, presentations or abstracts concerning Matrics' RFID products.

12.    All documents and things concerning any comparison of Matrics's RFID products and those sold by Intermec Technologies Corp.

13.    All documents and things concerning the marketing or sales of Matrics' RFID products, including any proposed or actual business or marketing plan relating to Matrics' RFID products.

14.    All documents and things concerning any market share or market potential for Matrics' RFID products, including any marketing analysis, study or survey with respect to RFID products.

15.    All documents and things concerning projected sales (in units and dollars), costs, profits or margin, pricing, marketing, market share, sales volumes, or market projections or analyses with respect to Matrics' RFID products

16.    All documents concerning the actual or potential industry participants in the market for the sale of Matrics's RFID products in the United States and the actual or estimated market share of each participant or potential participant.

458522

# EXHIBIT D

# UNITED STATES DISTRICT COURT
## DISTRICT OF DISTRICT OF COLUMBIA

Intermec IP Corp.,

    **Plaintiff,**

       v.

Symbol Technologies, Inc.,

    **Defendant.**

### SUBPOENA IN A CIVIL CASE

Civil Action No. 04-357-GMS
(D. DEL.)

TO:   **Venturehouse Group**
      **509 Seventh Street, N.W.**
      **Washington, DC  20004**

| | |
|---|---|
| ☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case. | |
| PLACE OF TESTIMONY | COURTROOM |
| | DATE AND TIME |

| | |
|---|---|
| ☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case: | |
| PLACE OF DEPOSITION | DATE AND TIME |

| | |
|---|---|
| ☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  SEE EXHIBIT A | |
| PLACE<br>Morris, Nichols, Arsht & Tunnell<br>1201 N. Market St.<br>Wilmington, DE  19801 | DATE AND TIME<br>June 27, 2005 at 10:30 a.m. |

| | |
|---|---|
| ☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. | |
| PREMISES | DATE AND TIME |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which a person will testify.  Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) DEFENDANT | DATE |
|---|---|
| *[signature]*<br>Attorney for Plaintiff | June 6, 2005 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | TELEPHONE |
| Rodger D. Smith II (#3778)<br>MORRIS, NICHOLS, ARSHT & TUNNELL<br>1201 North Market St.<br>P.O. Box 1347<br>Wilmington, DE  19899 | (302) 658-9200 |

| PROOF OF SERVICE | | |
|---|---|---|
| DATE | PLACE | |

SERVED | Date | Place |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

| DECLARATION OF SERVER | |
|---|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct:

Executed on:

_____          _____
DATE                                              SIGNATURE OF SERVER

                                                      _____
                                                      ADDRESS OF SERVER

---

RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS C & D

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except

that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

## DEFINITIONS

1.      "Matrics" means Matrics, Inc. and any and all of its predecessors, successors, subsidiaries, divisions, affiliates, and affiliated entities, as well as the officers, directors, agents, employees, and representatives of the foregoing.

2.      "Symbol" means Symbol Technologies, Inc. and any and all of its predecessors, successors, subsidiaries, divisions, affiliates, and affiliated entities, as well as the officers, directors, agents, employees, and representatives of the foregoing.

3.      "Document" is used as defined in Fed. R. Civ. P. 34(a).

4.      "Concern" and "concerning" are used in their broadest sense and include all matters relating to, referring to, describing, evidencing or constituting the referenced subject.

5.      The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request any information or documents that might otherwise be construed to be outside of its scope.

6.      The use of the singular form of any word includes the plural and vice versa.

7.      "Any" means each and every.

8.      "The '632 patent" means United States Patent No. 5,912,632.

9.      "The '222 patent" means United States Patent No. 5,528,222.

10.      "The '019 patent" means United States Patent No. 5,995,019.

11.      "The '375 patent" means United States Patent No. 6,371,375.

## REQUESTS FOR PRODUCTION

      1.    All documents and things concerning the valuation of the assets, business or technology of Matrics.

      2.    All documents and things concerning the valuation of the assets of Matrics by Symbol.

      3.    All documents and things concerning the acquisition of the stock or assets of Matrics by Symbol, including without limitation any due diligence documents, financing documents, and evaluations and descriptions of Matrics and its assets, products and technology.

      4.    All documents and things concerning the negotiation for the acquisition of the stock or assets of Matrics by Symbol.

      5.    All documents and things concerning any indemnification or request for indemnification regarding patent infringement in connection with the acquisition of the stock or assets of Matrics by Symbol.

      6.    All documents and things concerning any communications with Matrics or Symbol relating to Intermec, Intermec Technologies Corp., this litigation, or any of the patents in suit.

      7.    All documents and things concerning any communications about any Intermec patents in connection with the potential or actual acquisition of the stock or assets of Matrics by Symbol.

      8.    All documents and things concerning any communications with Matrics or Symbol concerning the '632 patent, the '222 patent, the '019 patent, or the '375 patent.

9.    All documents and things concerning any communications with Matrics or Symbol concerning whether Matrics or Symbol infringes or has infringed the '632 patent, the '222 patent, the '019 patent, or the '375 patent.

10.    All documents and things concerning Matrics' RFID products, including their design, development, operation, use or performance.

11.    All documents and things concerning publications, articles, presentations or abstracts concerning Matrics' RFID products.

12.    All documents and things concerning any comparison of Matrics's RFID products and those sold by Intermec Technologies Corp.

13.    All documents and things concerning the marketing or sales of Matrics' RFID products, including any proposed or actual business or marketing plan relating to Matrics' RFID products.

14.    All documents and things concerning any market share or market potential for Matrics' RFID products, including any marketing analysis, study or survey with respect to RFID products.

15.    All documents and things concerning projected sales (in units and dollars), costs, profits or margin, pricing, marketing, market share, sales volumes, or market projections or analyses with respect to Matrics' RFID products

16.    All documents concerning the actual or potential industry participants in the market for the sale of Matrics's RFID products in the United States and the actual or estimated market share of each participant or potential participant.

458522