IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTERMEC IP CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 04-357 (GMS) |
| | ) | |
| SYMBOL TECHNOLOGIES INC., | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF DEPOSITION OF SYMBOL TECHNOLOGIES INC.
PURSUANT TO FED. R. CIV. P. 30(b)(6)**

TO:  Karen L. Pascale, Esquire           Eric J. Lobenfeld, Esquire
     Bouchard, Margules & Friedlander    Hogan & Hartson
     222 Delaware Avenue, Suite 1400     875 Third Avenue
     Wilmington, DE 19801                New York, NY 10022

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(6), Intermec IP Corp. ("Intermec"), by their attorneys, will take the deposition upon oral examination of Symbol Technologies Inc. ("Symbol"), by one or more officers, directors, managing agents or other persons who consent to testify on its behalf concerning the topics listed on Exhibit A hereto. The deposition will commence on July 28, 2005, at 9:30 a.m., at the offices of Morris, Nichols, Arsht & Tunnell, 1201 N. Market Street, Wilmington, DE 19801, or at such other time and place as shall be agreed upon by the parties or ordered by the Court, and will continue from day-to-day until concluded.

Symbol is requested to identify by July 21, 2005, the person or persons who will be designated to testify on its behalf. The deposition will take place before a notary public or

other person authorized by law to administer oaths, and will be recorded stenographically and/or by videotape.

MORRIS, NICHOLS, ARSHT & TUNNELL

/s/ Rodger D. Smith II
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
James W. Parrett (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
  Attorneys for Plaintiff Intermec IP Corp.

OF COUNSEL:

Frederick A. Lorig
Bruce R. Zisser
BRIGHT & LORIG
633 West Fifth Street
Suite 3330
Los Angeles, CA  90071
(213) 627-7774

July 6, 2005

458525

## EXHIBIT A

## DEFINITIONS

1. "Matrics" means Matrics, Inc. and any and all of its predecessors, successors, subsidiaries, divisions, affiliates, and affiliated entities, as well as the officers, directors, agents, employees, and representatives of the foregoing.

2. "Symbol" means Symbol Technologies Inc. and any and all of its predecessors, successors, subsidiaries, divisions, affiliates, and affiliated entities, as well as the officers, directors, agents, employees, and representatives of the foregoing.

3. "The '632 patent" means United States Patent No. 5,912,632.

4. "The '222 patent" means United States Patent No. 5,528,222.

5. "The '019 patent" means United States Patent No. 5,995,019.

6. "The '375 patent" means United States Patent No. 6,371,375.

## TOPICS FOR EXAMINATION

1. Symbol's reasons for acquiring the stock or assets of Matrics.

2. Symbol's valuation of the assets, business and technology of Matrics.

3. The negotiations and other communications between Symbol and Matrics concerning Symbol's acquisition or potential acquisition of the stock or assets of Matrics including, but not limited to, the price to be paid.

4. The basis for Symbol's decision to pay $230 million to acquire Matrics.

5. Any projections of future revenues or profits to Symbol resulting from Symbol's acquisition of the stock or assets of Matrics.

6. All communications between Symbol and Matrics concerning Symbol's or Matrics' analysis of this litigation and the patents in suit.

7. Any agreements to indemnify Symbol or hold it harmless for patent infringement claims against Matrics following Symbol's acquisition of the stock or assets of Matrics.

8. Communications between Symbol and Matrics concerning Intermec, Intermec Technologies Corp., Intermec IP Corp., Unova, Inc. or this litigation.

9. Communications between Symbol and Matrics concerning any Intermec patents in connection with Symbol's acquisition or potential acquisition of the stock or assets of Matrics.

10. Communications between Symbol and Matrics concerning the '632 patent, the '222 patent, the '019 patent, or the '375 patent.

11. Communications between Symbol and Matrics concerning infringement of the '632 patent, the '222 patent, the '019 patent, or the '375 patent by any Matrics Products, or the validity or enforceability of any of those patents.

12. Any agreements between Symbol or Matrics and any third party concerning or including RFID patents or technology including, but not limited to, the reasons for any royalty rates in those agreements.

13. Any communications between Symbol or Matrics and any third party concerning agreements or possible agreements involving licensing of RFID technology.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 6, 2005, I caused to be electronically filed Notice of Deposition of Symbol Technologies Inc. Pursuant to Fed. R. Civ. P. 30(b)(6) with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following:

>Karen L. Pascale, Esquire
>Bouchard, Margules & Friedlander
>222 Delaware Avenue
>Suite 1400
>Wilmington, DE  19801

I also certify that copies were caused to be served on July 6, 2005, upon the following in the manner indicated:

>**BY HAND**
>Karen L. Pascale, Esquire
>Bouchard, Margules & Friedlander
>222 Delaware Avenue
>Suite 1400
>Wilmington, DE  19801
>
>**BY FEDERAL EXPRESS**
>Eric J. Lobenfeld, Esquire
>Hogan & Hartson
>875 Third Avenue
>New York, NY  10022

>/s/ Rodger D. Smith II (#3778)
>_____
>Morris, Nichols, Arsht & Tunnell
>1201 N. Market Street
>P.O. Box 1347
>Wilmington, DE  19899
>(302) 658-9200
>rsmith@mnat.com