IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTERMEC IP CORP., | ) | |
| | ) | |
| Plaintiff, | ) | C. A. No. 04-357 (GMS) |
| | ) | |
| v. | ) | |
| | ) | |
| SYMBOL TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF SERVICE OF SUBPOENA**

The undersigned hereby certifies that copies of the subpoena directed to Sterne, Kessler, Goldstein & Fox, P.L.L.C. were caused to be served on August 5, 2005 upon the following counsel in the manner indicated:

**By Hand and Facsimile**

Arthur G. Connelly, III, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
Wilmington, DE  19801

**By Federal Express**

Eric J. Lobenfeld, Esq.
Hogan & Hartson
875 Third Ave.
New York, NY  10022

MORRIS, NICHOLS, ARSHT & TUNNELL

*/s/ James W. Parrett*
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347
(302) 658-9200
Attorneys for Plaintiff Intermec IP Corp.

OF COUNSEL:

Frederick A. Lorig
Bruce R. Zisser
BRIGHT & LORIG
633 West Fifth Street
Suite 3330
Los Angeles, CA  90071
(213) 627-7774

Carson Veach
Leland W. Hutchinson, Jr.
Jennifer Fitzgerald
FREEBORN & PETERS LLP
311 S. Wacker Dr.
Suite 3000
Chicago, IL  60606-6677
(312) 360-6000

August 5, 2005
477518

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 5, 2005, the foregoing was electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following:

>Arthur G. Connelly, III, Esq.
>Connolly Bove Lodge & Hutz LLP
>1007 North Orange Street
>Wilmington, DE 19801

I also certify that copies were caused to be served on August 5, 2005 upon the following in the manner indicated:

>BY HAND
>
>Arthur G. Connelly, III, Esq.
>Connolly Bove Lodge & Hutz LLP
>1007 North Orange Street
>Wilmington, DE 19801
>
>BY FEDERAL EXPRESS
>
>Eric J. Lobenfeld, Esquire
>Hogan & Hartson
>875 Third Avenue
>New York, NY 10022

>/s/ James W. Parrett
>James W. Parrett, Jr.

Issued by the
# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Intermec IP Corp., a Delaware corporation,<br>    Plaintiff<br><br>    v.<br><br>Symbol Technologies, Inc., a Delaware corporation,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **SUBPOENA IN A CIVIL CASE**<br><br>IN THE UNITED STATES DISTRICT COURT FOR THE DELAWARE<br><br>Case No: 04-CV-357 (GMS) |

TO:  Sterne, Kessler, Goldstein & Fox, P.L.L.C.
    1100 New York Avenue, NW
    Washington, D.C. 20005

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects): Documents and things set forth in the schedule attached as Exhibit A.

| PLACE Morris, Nichols, Arsht & Tunnell, 1201 North Market Street, Wilmington, DE 19801 | DATE AND TIME<br><br>August 26, 2005 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>*[signature]*<br>Attorney for Plaintiff | DATE<br>August 5, 2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
James W. Parrett, Jr., Esquire, Morris, Nichols, Arsht & Tunnell, 1201 North Market Street, Wilmington, DE 19801
(302) 498-6678

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
         DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The Court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee..

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the Court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the Court shall quash or modify the subpoena if it:

(i) fails to allow reasonable time for compliance;

(ii) requires disclosure of privileged or other protected matter and not exception or waiver applies, or

(iii) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, the Court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party on whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the Court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(e) CONTEMPT

Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of court.

474846

# EXHIBIT A

**SCHEDULE OF REQUESTS FOR**
**PRODUCTION OF DOCUMENTS AND THINGS**

**DEFINITIONS**

1. "Matrics" means Matrics, Inc. and any and all of its predecessors, successors, subsidiaries, divisions, affiliates, and affiliated entities, as well as the officers, directors, agents, employees, and representatives of the foregoing.

2. "Symbol" means Symbol Technologies, Inc. and any and all of its predecessors, successors, subsidiaries, divisions, affiliates, and affiliated entities, as well as the officers, directors, agents, employees, and representatives of the foregoing.

3. "Sterne Kessler" means Sterne Kessler Goldstein & Fox, P.L.L.C. and any and all of its predecessors, successors, subsidiaries, divisions, affiliates, and affiliated entities, as well as the officers, directors, agents, partners, of counsel, associates, employees, and representatives of the foregoing.

4. "Document" is used as defined in Fed. R. Civ. P. 34(a).

5. "Concern" and "concerning" are used in their broadest sense and include all matters relating to, referring to, describing, evidencing or constituting the referenced subject.

6. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request any information or documents that might otherwise be construed to be outside of its scope.

7. The use of the singular form of any word includes the plural and vice versa.

8. "Any" means each and every.

9. "The '632 patent" means United States Patent No. 5,912,632.

10. "The '222 patent" means United States Patent No. 5,528,222.

11. "The '019 patent" means United States Patent No. 5,995,019.

12. "The '375 patent" means United States Patent No. 6,371,375.

## REQUESTS FOR PRODUCTION

1. All documents and things exchanged between Sterne Kessler and Matrics and/or Symbol concerning the '632 patent, the '222 patent, the '019 patent or the '375 patent.

2. All documents constituting or concerning communications between Sterne Kessler and Matrics and/or Symbol concerning the '632 patent, the '222 patent, the '019 patent, or the '375 patent, or the infringement by Matrics and/or Symbol of any of those patents.

3. All documents and things received from Matrics and/or Symbol by Sterne Kessler concerning the '632 patent, the '222 patent, the '019 patent, or the '375 patent, or the infringement by Matrics and/or Symbol of any of those patents.

4. All drafts of any opinions concerning the '632 patent, the '222 patent, the '019 patent, or the '375 patent, or the infringement by Matrics and/or Symbol of any of those patents.

5. All documents or other materials considered in connection with preparation of any opinions concerning the '632 patent, the '222 patent, the '019 patent, or the '375 patent, or the infringement by Matrics and/or Symbol of any of those patents.

6. All documents constituting or concerning communications between Sterne Kessler and Hogan & Hartson, L.L.P. concerning the '632 patent, the '222 patent, the '019 patent, or the '375 patent, or the infringement by Matrics and/or Symbol of any of those patents.

7. All documents constituting or concerning communications between Symbol and Matrics concerning the '632 patent, the '222 patent, the '019 patent, or the '375 patent, or the infringement by Matrics and/or Symbol of any of those patents.

474578