IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERMEC IP CORP.,<br>a Delaware corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>SYMBOL TECHNOLOGIES, INC.,<br>a Delaware corporation,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 04-CV-357 (GMS)<br>)<br>)<br>)<br>)<br>) |

## SYMBOL'S SECOND RULE 30(b)(6) NOTICE OF DEPOSITION
## TO INTERMEC IP CORPORATION

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant Symbol Technologies, Inc. ("Symbol"), by and through its attorneys, will take the deposition upon oral examination of Intermec IP Corporation ("Intermec") before a notary public or other officer authorized by law to administer oaths, at the offices of Connolly, Bove, Lodge & Hutz, L.L.P., 1007 North Orange Street, Wilmington, DE 19801, or at such other time and place as the parties agree, commencing on September 6, 2005, and continuing day-to-day thereafter until completed.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Intermec is required to designate and produce for deposition one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, who shall testify as to matters known or reasonably available to Intermec concerning each of the Topics set forth below.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 30(b)(2) of the Federal Rules of Civil Procedure, the method by which testimony shall be recorded will be by stenographic transcription and/or by videotape. You are invited to attend and cross-examine.

## DEFINITIONS AND INSTRUCTIONS

1. The Definitions and Instructions set forth in Matrics' [now Symbol's] First Set of Requests for Production of Documents and Things to Intermec IP Corp. are incorporated herein by reference.

2. Symbol requests that any responses to these and any other Topics shall quote each Topic in full immediately preceding the response.

3. Symbol requests that Intermec produce in advance all relevant documents that are responsive to these Topics. To the extent such documents are not available in advance, Intermec is requested to bring such documents with it to the deposition.

## TOPICS FOR EXAMINATION

Topic No. 1

a. The factual bases for Intermec's statement, as set forth at page 24 of in its Opening Claim Construction Brief filed July 25, 2005, that "[t]he invention as disclosed in the '632 patent would not function if the carrier frequency were used" and

b. The factual bases for Intermec's statement, as set forth at page 25 of in its Opening Claim Construction Brief filed July 25, 2005, that no "demodulated digital signal could be derived from the carrier frequency of the RF signal and without that demodulated signal, the remainder of the invention as disclosed and claimed could not function."

CONNOLLY BOVE LODGE & HUTZ LLP

/s/Arthur G. Connolly, III
Arthur G. Connolly, Jr. (#496)
Kevin F. Brady (#2248)
Arthur G. Connolly, III (#2667)
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
(302) 658-9141

*Attorneys for Defendant*
*Symbol Technologies, Inc.*

OF COUNSEL:

Eric J. Lobenfeld
Ira J. Schaefer
Tedd W. Van Buskirk
Arlene L. Chow
Jaasi J. Munanka
Robert J. DeMento
HOGAN & HARTSON L.L.P.
875 Third Avenue
New York, New York 10022
(212) 918-3000

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 25, 2005, true and correct copies of the foregoing were served on the following counsel of record for Defendant in the manner indicated:

**By Hand Delivery**
Jack B. Blumenfeld, Esquire
MORRIS NICHOLS ARSHT & TUNNELL
1201 N. Market Street
Wilmington, DE 19801

**By FedEx**
Frederick A. Lorig, Esquire
Bruce R. Zisser, Esquire
BRIGHT & LORIG, P.C.
633 West Fifth Street
Suite 3330
Los Angeles, CA 90071

Carson Veach, Esquire
Leland W. Hutchinson, Jr., Esquire
Jennifer Fitzgerald, Esquire
FREEBORN & PETERS LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606

/s/Arthur G. Connolly, III
Arthur G. Connolly, III (#2667)